NORTHERN ASSUR. CO., Limited, v. HERD.
(No. 241.)

(Court of Civil Appeals of Texas. Waco.
May 28, 1925.)

1. Judgment ⟜253(1)—Judgment, in suit on fire policy, for amount of loss plaintiff actually sustained held proper, though jury found that loss was not total, and that plaintiff was not entitled to recover face of policy.

In suit on fire insurance policy, plaintiff contending that loss was total and that face of policy was therefore a liquidated demand, in view of Rev. St. art. 4874, and defendant contending that loss was not total, judgment for plaintiff for amount of loss and damage he did actually sustain held proper, though jury found that loss was not total, and that plaintiff was not entitled to recover face of policy.

2. Insurance ⟜665(4)—Finding of jury that plaintiff sustained $1,000 damage by fire to insured property held not sustained by the evidence.

In action on fire policy, jury's finding that plaintiff sustained a loss of $1,000 by reason of fire to property insured held not sustained by evidence.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Action by Ed Herd against the Northern Assurance Company, Limited, and others. Judgment for plaintiff, and the named defendant appeals. Reversed and remanded.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

S. C. Padelford, of Fort Worth, and J. E. Warren, of Cleburne, for appellee.

STANFORD, J. Appellee, Ed Herd, sold a house and lot in Cleburne to J. A. Nee and wife for $1,500, $100 cash and $1,400 as evidenced by vendor's lien notes. J. A. Nee took out a policy of fire insurance in appellant company on said house for $1,200, with a loss clause making said policy payable to appellee as his interests may appear. Said property was destroyed by fire, and said policy of insurance duly transferred to appellee, Herd, who brought this suit against J. A. Nee and wife for judgment and foreclosure on the vendor's lien notes, and against appellant, the Northern Assurance Company, Limited, to recover $1,200, the face value of said policy. Nee and wife filed no answer, and judgment was rendered against them by default for the amount due on said vendor's lien notes and a foreclosure of said lien. As to said appellant insurance company, the court submitted to the jury two special issues, which issues and the answers of the jury thereto are as follows:

"(1) Did the fire and burning of said building described in plaintiff's petition cause a total loss of such building?" Answer: "No."

"(2) If you have answered special issue No. 1 submitted to you in the court's charge in the negative, then state what amount of money it would take to have restored, immediately after the fire, the building described in plaintiff's petition to its previous condition immediately preceding the fire." Answer: "$1,000."

The court, on these findings, entered judgment in favor of appellee against appellant for $1,000, and directed when said amount was paid that it be credited on the judgment against Nee and wife. The insurance company alone has appealed.

Opinion.

[1] Under its first assignment, appellant contends, in effect, that where a suit is brought on a fire insurance policy covering a building, seeking to recover a total loss, and the jury finds the loss was not total, that judgment should be rendered for the insurance company. The policy of insurance was for $1,200. Appellee, in his pleadings, did treat the loss by fire as a total loss, and among other things, pleaded as follows:

"That at the time of said fire said house, belonging to the said J. A. Nee, on which the said defendant had issued an insurance policy against loss by fire, was of the reasonable value of more than $1,200, and that after said fire and by reason thereof plaintiff was damaged in the sum of $1,200."

Appellant filed a general denial, as above stated, and the issue of the extent or amount of the loss was clearly made by the pleadings, appellee introducing evidence tending to show the loss was total, and hence, under article 4874, Revised Statutes, the policy for $1,200

was a liquidated demand, regardless of what the building was actually worth before the fire. The appellant introduced evidence tending to show the building was not a total loss, and tending to show how much the building was damaged by showing how much it would cost to repair or restore said building, using any part of the burned building that was suitable to be used. It will thus be seen the issue made by both the pleadings and the evidence was the amount of the recovery to which appellee was entitled; appellee contending that the loss was a total loss, and the policy for $1,200 therefore a liquidated demand, made so by virtue of article 4874, which became a part of the contract, and so the amount of his recovery became fixed regardless of the value of the house; appellant contending the loss was not total and therefore the amount of recovery was only the actual damage caused by the fire; and the fact that the jury found that the loss was not total and appellee not entitled to recover $1,200 is no reason for refusing him a recovery for the amount of the loss or damage he did actually sustain. We overrule this assignment. However, it would have been better for appellee to plead these matters in the alternative.

[2] Under its second assignment, appellant contends there is no evidence to warrant the jury's finding of $1,000 damage by reason of the fire to the house in question. We sustain this assignment. There is no evidence in the record of the amount of damage to the house by reason of the fire, and the only evidence of what it would have cost to restore the house to the condition in which it was before the fire being the evidence of appellant's witness J. R. Wallace that it would cost $624.06. In this condition of the evidence, we think the jury was not authorized to find that such cost would amount to $1,000. Appellee seems not to have developed his side of this issue.

For the error indicated, the judgment of the trial court is reversed and the cause remanded.