RELIANCE INS. CO. OF PHILADELPHIA v.
NICHOLS et al.
No. 2782.

Court of Civil Appeals of Texas. El Paso.
Jan. 12, 1933.

Sol Goodell, Pinkney Grissom, and Thompson, Knight, Baker & Harris, all of Dallas, for plaintiff in error.

V. A. Collins and Collins and Houston, all of Dallas, for defendants in error.

HIGGINS, J.

This suit was filed June 26, 1931, by Nichols, against the plaintiff in error, based upon two fire insurance policies issued by the plaintiff in error. It was alleged the house covered by the policies was burned in June, 1931, resulting in a total loss. The evidence shows the fire occurred on May 26, 1931. Defendant pleaded in abatement and answered by general demurrer and general denial.

The policies in question contained loss payable clause in favor of Guardian Savings & Loan Association and C. L. Sowell. On October 24, 1931, these parties filed pleas in intervention setting up their rights.

Judgment was rendered for the full amount of the policies in the sum of $2,900, with 6 per cent. interest from June 17, 1931. Of the sum so awarded, it was adjudged that the Guardian Savings & Loan Company recover $2,427.38 and Sowell recover $477.37 and Nichols recover the residue, if any.

The policies contained the usual provisions requiring proof of loss, appraisal, and arbitration in case of disagreement as to amount of loss, that loss shall not be payable until 60 days after ascertainment, estimate, and satisfactory proof of loss and nonwaiver stipulation.

Complaint is first made of the refusal to sustain the plea in abatement. This matter presents no error.

■ First. The plea in abatement was filed in the 116th district court on July 27, 1931, and action thereon was not invoked until the case was called for trial on its merits at the succeeding term beginning in October. The 116th district court has terms beginning on the first Mondays in July and October. Chapter 71, Acts 41st Legislature (1930), 5th C. S. (Vernon's Ann. Civ. St. art. 199, subd. 116).

The record discloses no reason why the plea was not determined at the July term as required by article 2013, R. S. Having failed to invoke the ruling of the court upon the plea during the July term, plaintiff in error is deemed to have waived such plea. Revised Civil Statutes 1925, art. 2013; District Court 24, 142 S. W. XIX; Texas Packing Co. v. St. Louis Southwestern R. R. Co. (Tex. Com. App.) 227 S. W. 1095; Stevens v. Lee, 70 Tex. 279, 8 S. W. 40; Blum v. Strong, 71 Tex. 321, 6 S. W. 167; Halbert v. San Saba Springs Land & Livestock Ass'n (Tex. Civ. App.) 34 S. W. 636; Aldridge v. Webb & Hill, 92 Tex. 122, 46 S. W. 224; Bonart v. Lee (Tex. Civ. App.) 46 S. W. 906; Weekes v. Sunset Brick & Tile Co., 22 Tex. Civ. App. 556, 56 S. W. 243.

■ Second. The undisputed evidence shows that when the fire occurred the defendants' agents were notified. Nichols and Dunn, an adjuster of defendant, inspected the loss. Nichols insisted the loss was total, which Dunn refused to concede, and demanded an appraisal of the loss. On June 17, 1931, defendant wrote Nichols, stating:

"Failing to agree with you as to the amount of loss and damage by fire of May 26th, 1931, to your dwelling house located at No. 5603 Culver street * * *, demand is now made upon you to submit the matter of value of the property and loss by fire to same to appraisal, as provided for in lines ninety-three to ninety-eight inclusive of the printed conditions of the policies.

"Kindly advise name of the appraiser you will select, and proper papers will be drawn to the end that the appraisal may proceed.
   "Yours very truly,
"[Signed] The Reliance Insurance Co. of
                          Philadelphia, Pa.
            "By H. C. Dunn, Adjuster."

It is thus apparent the defendant knew of the loss and conceded liability; the only issue between the parties being over the extent of the loss. If the loss was total, the plaintiff's claim was a liquidated demand for the full amount of the policies. Article 4929, R. S. In such a case the amount of the loss and damage is not the subject of appraisal and arbitration.

The insured has the right to resort to the courts for the enforcement of his rightful demand. He cannot be maneuvered out of his right to treat his claim as a liquidated demand for the full amount of the policy by a wrongful demand that he submit to appraisal and arbitration. The unconditional demand on June 17th by defendant for appraisal and arbitration was an admission of liability upon the policies in some amount. St. Paul F. & M. Ins. Co. v. Kirkpatrick, 129 Tenn. 55, 164 S. W. 1186; Harowitz v. Concordia F. Ins. Co., 129 Tenn. 691, 168 S. W. 163.

In the present case there was actual knowledge of the loss, recognition of liability in some amount, denial of liability as for a total loss, and refusal to pay the amount rightfully due. Such circumstances constituted a waiver of proof of loss. East T. F. I. Co. v. Coffee, 61 Tex. 287; East T. F. I. Co. v. Brown, 82 Tex. 631, 18 S. W. 713.

■ In further support of its contention that the plea in abatement should have been sustained, defendant further asserts the suit was prematurely brought. In East T. F. I. Co. v. Coffee, supra, it was held that no cause of action arises upon a policy until the lapse of 60 days after waiver of proof of loss. This holding was overruled as applied to cases where there is an absolute denial of liability. Delaware Underwriters, etc., Co. v. Brock, 109 Tex. 425, 211 S. W. 779; Central F. F. I. Co. v. Lewis (Tex. Com. App.) 44 S.W.(2d) 936. In the present case liability was not absolutely denied, but recognized in part. For this reason it may be doubted whether the doctrine announced in the last-cited cases applies here.

But it is immaterial as to interveners whether the ruling in the Coffee Case or the Brocks & Lewis Cases be controlling here for this reason: The waiver became effective on June 17th, when the demand was made for appraisal and arbitration. The interveners did not intervene until October 24th, so their intervention suit was not premature, and as to them the point is clearly not well taken.

■ The suit of the plaintiff Nichols was prematurely commenced because 60 days from date of waiver had not elapsed when he filed his suit. See Brocks Case, supra. The case will be remanded as later shown and as to Nichols the matter may be cured by filing an amended petition. 1 Tex. Jur. title, "Actions," § 67. Such amendment is suggested, for the premature commencement of the suit may, as to Nichols, present more

than mere ground of abatement. It may perhaps be regarded as good in bar and of which advantage may be taken under the general denial. 1 C. J. title, "Actions," § 398.

■■ The only issue submitted reads: "Do you find from a preponderance of the evidence that the fire, on May 26, 1931, at 5603 Culver street, Dallas, Texas, so burned said house as to render said house a total loss?"

Immediately following the issue was this instruction: "In answering the above question, you are told that if a reasonably prudent owner, uninsured, desiring such structure as the one in question was before the injury, could, in proceeding to restore said building to its original condition, utilize the remnants as such basis, it was not a total loss."

When there is a substantial remnant of a building left after a fire, the question of whether the loss is total within the purview of article 4929, R. S., is a mixed question of law and fact. The fact issue is whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before injury, would, in proceeding to restore the building to its original condition, utilize such remnant as a basis for such restoration. Royal Ins. Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797; Fire Ass'n of Philadelphia v. Strayhorn (Tex. Com. App.) 211 S. W. 447. If such issue be answered in the affirmative, it follows as a matter of law that the loss is not total. If the issue be answered in the negative, it follows as a matter of law that the loss is total.

The issue as submitted called for a finding upon a mixed question of law and fact, and was objectionable for that reason. Issues of that kind arise which present much difficulty in correctly segregating the issue of fact from the issue of law and submitting only the fact issue. Speer, Law of Special Issues, § 25.

The present case presents no such difficulty. The issue of fact indicated above when found by the jury will furnish the basis for the legal conclusion which will necessarily follow upon the ultimate issue of whether or not the loss was total. Fire Ass'n, etc., v. Strayhorn, supra.

■ The instruction which was given in connection with the issue submitted is a charge, general in its nature, instructing the jury as to the law arising on the facts. Connellee v. Nees (Tex. Com. App.) 266 S. W. 502; Freeman v. Galveston, H. & S. A. Ry. Co. (Tex. Com. App.) 287 S. W. 902; Humble O. & R. Co. v. McLean (Tex. Com. App.) 280 S. W. 557. Such charges are improper in special issue submission. In such cases it is permissible only to "submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." Article 2189, R. S., and cases supra. The objectionable nature of the instruction given was the natural consequence of the improper submission of the mixed question of law and fact in the issue as submitted.

■ It is also insisted by plaintiff the word "basis" should be defined. In a proper submission of the fact issue in this case the jury could not fail to understand the meaning of the word, and no definition is necessary.

The matter referred to in the tenth, eleventh, and twelfth propositions will not recur upon retrial, and for such reason need not be considered.

■ The thirteenth and fourteenth propositions question the allowance of interest from June 17th, the date of waiver of the proof of loss. This was erroneous, and upon retrial, if recovery be obtained by plaintiff, interest should begin to run 60 days after the date of waiver. East T. F. I. Co. v. Brown, supra; Delaware Underwriters v. Brock, supra.

■ Testimony of defendants' witnesses Germany and Wyman was offered to show the parts of the house remaining that could be used as a basis in rebuilding and the amount it would cost to repair or rebuild the house. Their testimony as to the cost to repair or rebuild was excluded. This was error. Royal Insurance Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797; Fire Ass'n of Philadelphia v. Strayhorn (Tex. Com. App.) 211 S. W. 447; National Liberty Insurance Co. v. Dansby (Tex. Com. App.) 260 S. W. 1040; Northern Assurance Co. v. Herd (Tex. Civ. App.) 273 S. W. 884; Northwestern Mutual Life Ins. Co. v. Rochester German Ins. Co., 85 Minn. 48, 88 N. W. 265, 56 L. R. A. 108.

■ The exclusion of evidence offered to show the extent of depreciation in the house before the fire was proper.

■ The nineteenth proposition complains of the admission of testimony to the effect that a reasonably prudent man desiring to rebuild plaintiff's house would not use the foundation as a basis for rebuilding; also that the foundation was not a substantial part of the building. This was the opinion of the witnesses upon the vital issues in the case, and it should have been excluded.

The last proposition questions the sufficiency of the evidence to show a total loss. This is overruled. In view of retrial, the evidence upon the issue will not be discussed.

Reversed and remanded.