ST. LOUIS, B. & M. RY. CO. v. GRIFFIN
et ux.

No. 8975.

Court of Civil Appeals of Texas. San Antonio.

Jan. 18, 1933.

R. B. King and Jno. C. North, both of Corpus Christi, for appellant.

J. D. Todd and J. D. Todd, Jr., both of Corpus Christi, for appellees.

SMITH, J.

Ben Griffin and wife, Viola, operate a restaurant and have their residence on a lot owned by them near the right of way of the St. Louis, Brownsville & Mexico Railroad at Sinton. There is located near by on said right of way a shed used for the purpose of assembling, cleaning, packing, and shipping fruits and vegetables. It is alleged by the Griffins that the railway company erected and operates said shed so as to constitute the same a nuisance; that, as stated in appellees' brief, "the nuisance consisted of the way and manner in which said shed was constructed, and where located, and the foul stenches, foul odors, offensive and dangerous nuisances resulting from decayed, rotten and filthy masses of such vegetable matter allowed to wash through and underneath the floor of the shed when such vegetables, and products were prepared therein for shipment, and so impounded thereunder and overflowing thereabout and down upon appellees' premises, as to remain until becoming rotten and decayed in a mass of slush and mud, and from which such vile and dangerous and unhealthful and unsanitary odors and gases arose during the shipping seasons, and were carried by the prevailing winds directly in, upon and over appellees' home and business property, as to cause the injuries and damages alleged, and claimed by appellees." It was further alleged that the nuisance had impaired the value of the Griffins' property, injured their restaurant business, and wrecked their health. The Griffins therefore brought this action to recover damages and to abate the nuisance, and recovered accordingly. The railway company has appealed.

Appellees alleged: "that because of said nuisance Viola Griffin * * * suffered * * * an almost total if not quite the total loss of her health, which was good prior to the creation and maintenance of such nuisances and foul and filthy, unsanitary and unhealthful conditions; that she became sick, and grew worse from time to time, so that at this time her health is wrecked, her nervous system impaired, and her enjoyment of her home destroyed. * * *" Appellant excepted to that allegation upon the grounds, in effect, that it was too general; was not sufficiently definite or certain to apprise appellant of the nature of the proof appellees expected to offer thereunder. The court overruled the exception, and appellant has assigned error on that ruling. The special exception should have been sustained, for appellant, as any other litigant, was entitled to know in advance the nature of the ailments appellees intended to attribute to the conditions of which they complained, and which they charged to the negligence of appellant.

Appellee Viola Griffin testified that "the shed with all that filth underneath it there * * * caused the loss of" her "health." Appellant objected to this testimony at the time it was uttered, and moved to strike it out on the ground that it was a "mere con-

clusion of the witness." The objection should have been sustained. The question of what caused appellee's ailments was one of fact, to be determined by the jury, of course, and not by a lay witness, who had no expert knowledge upon the subject. This is elemental.

Appellee Ben Griffin was likewise erroneously permitted to usurp the function of the jury and determine the amount of his damages by testifying point blank, under repeated urgings of his counsel, "how much money he had lost" by reason of the alleged negligence of appellant. The witness sought vainly to avoid expressing the pure conclusion called for, on the frank ground that he "did not know exactly" how much he had "lost." Appellant finally objected upon the ground that appellees' counsel was "trying to lead the witness," rather than upon the more obvious and material reason that the questions called for a mere conclusion of the witness upon a question which the jury alone could lawfully answer. However, the objection made was obviously pertinent and material, and the adverse ruling thereon was clearly reversible error.

Appellant has propounded about 75 propositions of law in its 118-page brief, whereas the appeal could have been presented in less than a dozen propositions in far less space. It would be a bootless task to discuss all or even a substantial portion of those propositions.

Upon the errors discussed, the judgment will be reversed, and the cause remanded.