## COMMERCIAL UNION ASSUR. CO., LIMITED, OF LONDON, ENGLAND, v. EVERIDGE et al.

### No. 3005.

Court of Civil Appeals of Texas. El Paso.
May 17, 1934.

Thompson, Knight, Baker & Harris and Robert Lee Guthrie, all of Dallas, for plaintiff in error.

B. F. Gafford, of Sherman, for defendants in error.

HIGGINS, Justice.

The defendants in error brought this suit against the plaintiff in error upon two fire insurance policies, alleging the house covered by said policies was burned during the life thereof, resulting in a total loss. The evidence is conflicting upon the issue of whether the loss was total. The first question submitted inquired whether the plaintiff suffered a total loss of the building. The issue was answered in the affirmative and upon such finding judgment was rendered against the plaintiff in error for the sum of $3,000, the face of the policies.

■■ In connection with the issue the court gave an instruction as to the meaning of a "total loss." The manner, adopted in this case, of submitting the issue of a total loss was condemned in Reliance Ins. Co. v. Nichols (Tex. Civ. App.) 56 S.W.(2d) 479, as objectionable, in that it submitted a mixed question of law and fact. In this connection see, also, National Union Fire Insurance Company v. Richards (Tex. Civ. App.) 290 S. W. 912; Transcontinental Insurance Company of New York v. Frazier (Tex. Civ. App.) 60 S.W. (2d) 268. The instruction given in connection with the issue submitted is also objectionable as a charge general in its nature instructing the jury as to the law arising on the facts. Reliance Ins. Co. v. Nichols, supra. The objectionable nature of the instruction in this respect was the natural consequence of the improper submission of the mixed question of law and fact in the issue of total loss, as submitted. The assignments presenting these questions are sustained.

■ The witness Dodd was asked the question, "Would you as a reasonable and prudent man use part of that building that was left as a basis for the reconstruction of the building, in the condition it was before that fire?" To which the witness replied "No." The assignment complaining of the admission of this testimony is also sustained. This was the conclusion of the witness upon the vital issue of fact in the case and for that reason inadmissible as an invasion of the province of the jury. 19 Tex. Jur., title "Expert and Opinion Evidence," §§ 74 and 77.

Reversed and remanded.