**Betty Jo WELCH, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 5668.**

Court of Appeals of Texas, Eastland.

Jan. 14, 1982.

Rehearing Denied Feb. 11, 1982.

James Pearson, Ponder, Pearson & Wetsel, Sweetwater, for appellant.

John P. Camp and Daniel L. Bates, Camp, Johnson, O'Neil & Hall, Fort Worth, for appellee.

RALEIGH BROWN, Justice.

This is a worker's compensation death case. Betty Jo Welch sought benefits for the death of her son, Alan Wayne Welch, who was found drowned in a "frac tank" containing crude oil. The jury found that Alan Welch was not in the course and scope of his employment as a derrick man with Jolley Well Service at the time of his death. A take-nothing judgment was entered. Mrs. Welch appeals. We reverse and remand.

Mrs. Welch urges that the trial court erred in admitting the testimony of Kenny Barnes to the effect that Alan Wayne Welch had told him on a prior occasion that he had "sniffed gas" and "got a high." Texas Employers' defense was based on Welch's intoxication.

The issue of Welch's alleged intoxication was strongly contested. Texas Employers'

established that Welch's blood alcohol level at the time of his death was such that justified a conclusion that he was intoxicated at the time of his death. Other witnesses, his fellow workmen, testified that they saw no signs that Welch was intoxicated on the day in question nor did they smell anything on his breath. Although it was established that Welch was to gauge the oil in the frac tank in which he was found, Texas Employers' argues that his purpose in the tank was to sniff gas. This contention was urged by Texas Employers' throughout the trial from the voir dire examination of the jury up to and including the final argument.

Texas Employers' contends that there was no error in the admission of the challenged evidence but even if such were error, Mrs. Welch has not preserved same. It argues that the objection made was too general, not specific and, therefore, not valid. Further, Texas Employers' urges that since no objection was made when the evidence was offered to the jury, any alleged error was waived. We overrule all such arguments.

In compliance with a motion in limine, Texas Employers' called Kenny Barnes as a witness and conducted a voir dire examination outside the presence of the jury. On voir dire, Barnes testified in part:

Q (By Mr. Camp) All right, sir. Alan did tell you that on occasion he sniffed gas and got high on it out on location; right?

A He said he had sniffed some kind of gas and got some kind of high. But you do that every day you work in the oil field.

Q He tell you he had sniffed gas and gotten high?

A That's right. But I have, too.

Q All right, sir.

A It happens to you while you are working on a well.

At the conclusion of the voir dire examination, the following objection was made:

Comes now the plaintiff, at a time when the Jury has been excused to their quarters, and at a time when the Court proceeded to hear the testimony of Kenny Barnes on voir dire out of the presence of the Jury, to permit the plaintiff to make any objection that he might want to make, and plaintiff here and now files a motion, and makes this its motion, her motion, to suppress the testimony of Kenny Barnes that the deceased, Alan Wayne Welch, on prior occasions, had told him, "He has sniffed gas and gotten a high." This motion is made for the reason that such statement by the deceased, prior, is not in any way incriminating, and is highly prejudicial in this case, because oil field workers, under the testimony of Kenny Barnes, given out of the presence of the Jury, smelled gas from time to time at different locations during their work, and while on the site of their work, and that on such occasions after smelling the gas, they do get high. And, in fact, Kenny Barnes testified that he also has been in a position where he smelled gas and has gotten high.

Therefore, the connotation that is being given about "sniffing" is a matter of semantics, and would tend to mislead the Jury as to what was intended by the deceased, Alan Wayne Welch. And it is highly problematical and immaterial and irrelevant for any purpose in this case.

Wherefore, plaintiff prays that such evidence be, in all things, suppressed, and that Counsel for the defendant insurance company be instructed not to ask such questions along similar lines.

■ After the court overruled the objection and when such testimony was offered before the jury, no further objection was made. Therefore, Texas Employers' urges that error, if any, was waived. In support of its position, Texas Employers' argues that since there is no provision in the Texas Civil Statutes or the Texas Rules of Civil Procedure for a "motion to suppress" in a civil proceeding it is treated as a motion in limine. As such, it is well-settled that before error can be preserved as to the admission of evidence which was the subject of a motion in limine, the complaining party must object to the evidence when it is of-

fered before the jury. Texas Employers' cites *Hartford Accident and Indemnity Company v. McCardell*, 369 S.W.2d 331 (Tex.1963) and *Reasoner v. State*, 463 S.W.2d 55 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.) in support of its position.

The Court in *McCardell* said: "the purpose of a motion in limine is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury.... If a motion in limine is overruled a judgment will not be reversed unless the question or evidence were in fact asked or offered. If they were in fact asked or offered, an objection made at that time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial that the mere asking or tendering such require a reversal."

In the instant case the testimony of Kenny Barnes was the subject of a motion in limine. It was heard outside the presence of the jury. After such hearing, Mrs. Welch's attorney objected to the particular testimony.

The court in *Estate of Brown v. Masco Corporation*, 576 S.W.2d 105 (Tex.Civ.App. —Beaumont 1978, no writ) under the same circumstance held:

> We believe plaintiffs preserved their objection to this testimony. Unquestionably the court and defendants' attorneys knew specifically plaintiffs' objection to the testimony, and the reasons for the objection, and the court admitted the testimony with this knowledge. Where a party makes a proper objection to the introduction of a witness, and is overruled, he is entitled to assume that the judge will make the same ruling as to other offers of similar evidence, and he is not required to repeat the objection. *Crispi v. Emmott*, 337 S.W.2d 314, 318 (Tex.Civ.App.—Houston 1960, no writ); see also, *State v. Lock*, 468 S.W.2d 560, 565 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.).

See also *D. L. N. v. State*, 590 S.W.2d 820 (Tex.Civ.App.—Dallas 1979, no writ); *Bunnett/Smallwood & Company v. Helton Oil Company*, 577 S.W.2d 291 (Tex.Civ.App.— Amarillo 1978, no writ).

█ We hold that there was no waiver of the error, and a subsequent objection to the offered testimony was not a necessary predicate to the right to complain on appeal of the trial court's error in admitting the evidence in the case at bar.

█ We recognize the well established rule that the general objection of "immaterial and irrelevant" amounts to no objection at all and is not sufficient to preserve right of review of error committed in admitting the evidence. *Bridges v. City of Richardson*, 163 Tex. 292, 354 S.W.2d 366 (Tex. 1962). However, as stated in *Bridges*, supra:

> The rule stated is a correct general rule but there is a limitation on or an exception to the rule: When the evidence is not relevant to any issue in the case and can have no material bearing thereon, a general objection that it is immaterial and irrelevant is sufficient to preserve right of review of error committed in admitting it. 1 McCormick & Ray, Texas Law of Evidence, 2d ed., § 25, p. 24; 1 Wigmore, Evidence, 3d ed. § 18, p. 336.

See also *Mullins v. Elieson*, 611 S.W.2d 921 (Tex.Civ.App.—Amarillo 1981, no writ).

The issue then is whether the evidence concerning Kenny Barnes' "sniffing gas" was relevant to any issue in the case.

Texas Employers' defense to the claim was that Alan Welch was not in the course and scope of his employment at the time of his death by reason of intoxication. The evidence established that the alcohol level in Welch's blood was .14% by both the enzyme assay test and the gas chromatograph measurements. There was testimony that any person with a blood alcohol of such level would be intoxicated. There is no showing that Welch sniffed gas on the day in question or that sniffing gas was the reason for the alleged intoxication, or that Welch sniffed gas after he knew that if he did sniff gas, such act would result in his discharge.

Texas Employers' urges that the testimony regarding Welch's sniffing gas was properly admitted to show why he was in the frac tank; that the testimony was a declaration against interest or an admission.

The court in *Duncan v. Smith*, 393 S.W.2d 798 (Tex.1965) said:

> Admitting declarations against interest as an exception to the hearsay rule has long been considered a proper action where the declaration of fact meets the recognized test as to what is a declaration against interest. "In its most essential elements the exception may be broadly stated as follows: Declarations of a person since deceased, opposed to his pecuniary or proprietary interest, are admissible in evidence, provided he was in a position to know of the matters stated and had no probable motive to misrepresent the facts." 2 McCormick and Ray, § 1001.

■ The declaration of Welch as testified to by Barnes fails to meet the test set forth in Duncan in that there is no showing the declaration was opposed to his pecuniary or proprietary interest. There is no proof that Welch sniffed gas after he knew that he would be fired if his employer knew that he sniffed gas to get high.

Moreover, there is no showing when Welch made the statement concerning sniffing gas and no showing he sniffed gas after he was employed by Jolley Well Service. The court in *Car, Ltd. v. Smith*, 590 S.W.2d 738 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.) said:

> To qualify as a declaration against interest, the statement must be known to the declarant, at the time of the utterance, to be in opposition to his pecuniary or proprietary interest. *Duncan v. Smith*, 393 S.W.2d 798 (Tex.1965).

Since the time of the utterance is not established, it is not shown that Welch knew it to be against his pecuniary or proprietary interest.

■ Further, the testimony was not admissible as an admission on the part of Welch. An admission has been defined as "any statement made or act done by one of the parties to any action or on his behalf which amounts to a prior acknowledgement by such party that one of the facts relevant to the issues is now not as he claims." *Hartford Accident and Indemnity Company v. McCardell*, 369 S.W.2d 331 (Tex.1963). The court in *Employers Mutual Casualty Company of Des Moines v. Mosqueda*, 317 F.2d 609 (5th Cir. 1963) said:

> Admissions thus defined "are admissible into evidence provided they are relevant and material to the issue and bear some reasonable relation thereto in point of time...."

■ In this worker's compensation death case, although Texas Employers' offered an abundance of proof that it was unnecessary for Welch to be in the tank, Welch's work required of him to be about the tank and to measure the oil in it. There is no dispute that his death resulted from drowning in the tank. The issue then of why Welch was in the tank was immaterial unless it affords Texas Employers' support as to its alleged defense of intoxication. Texas Employers' concedes that it does not contend or seek to prove Welch was intoxicated from sniffing gas. Therefore, Welch's statement as to an isolated sniffing of gas at some unrelated time is nothing more than a statement of some prior conduct on his part. Statements of declarants, whether deceased or not, relating to their past conduct are not admissible, except in will cases. *West v. Austin National Bank*, 427 S.W.2d 906 (Tex.Civ. App.—San Antonio 1968, writ ref'd n.r.e.).

Tex.Rev.Civ.Stat.Ann. art. 8309 defines four instances when an injury would not be sustained in the course of employment.[1]

---

1. The term "injury sustained in the course of employment," as used in this Act, shall not include:

   (1) An injury caused by an act of God, unless the employee is at the time engaged in the performance of duties that subject him to a greater hazard from an act of God responsible for the injury that ordinarily applies to the general public.

   (2) An injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed

Even if Welch had sniffed gas on some previous occasion, such activity would not have afforded Texas Employers' a defense to the present claim as being an injury sustained outside the course of employment. Texas courts have rejected testimony regarding remote conduct disconnected from the occasion at issue. *Compton v. Jay,* 389 S.W.2d 639 (Tex.1965); *Garza v. Anderson,* 417 S.W.2d 368 (Tex.Civ.App.—Corpus Christi 1967, no writ); *Mrs. Baird's Bakeries, Inc. v. Roberts,* 360 S.W.2d 850 (Tex. Civ.App.—Eastland 1962, writ ref'd n.r.e.); *Chuppe v. Gulf Iron Works,* 306 S.W.2d 177 (Tex.Civ.App.—Eastland 1957, writ ref'd n.r.e.). Statements made relating to such remote conduct should have even less relevancy. Therefore, the declaration was not relevant to any issue in the case at bar. Objection to the evidence having been made, the court erred in its admission.

■ We must then determine whether its admission was reversible error. This determination is made from a review of the entire record. *Gomez Leon v. State,* 426 S.W.2d 562 (Tex.1968). We hold that the testimony regarding Welch sniffing gas and getting high was reasonably calculated to cause and probably did cause an improper judgment in light of Texas Employers' urged defense that Welch was outside the scope of his employment because of intoxication. Therefore, a reversal of the judgment is necessary. Tex.R.Civ.P. 434.

Our holding as to this point of error makes it unnecessary for us to consider Mrs. Welch's other point of error.

The judgment is reversed and the cause remanded.

against him as an employee, or because of his employment.

(3) An injury received while in a state of intoxication.

(4) An injury caused by the employee's wilful intentional attempt to injure himself, or to unlawfully injure some other person, *but shall include all other injuries of every kind and* *character having to do with and originating in the work, business, trade or profession of the employer* received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere. (Emphasis added)