Affirmed and Memorandum Opinion filed November 4, 2008








Affirmed
and Memorandum Opinion filed November 4, 2008.

 

 

In The

 

_______________ Fourteenth Court of
Appeals

 

 

NO. 14-07-00566-CV

_______________

 

MARCUS BARBER, Appellant

 

V.

 

BISON BUILDING MATERIALS, LTD.,  Appellee

                                                                                                                                               


On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2006-07450

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant, Marcus Barber, appeals
from a jury verdict in favor of appellee, Bison Building Materials, Ltd. (ABison@), in connection with appellant=s negligence claim arising from a one-vehicle
accident.  Barber contends that the trial court erred in admitting certain
videotaped testimony by the investigating officer.  We affirm.

Background








Bison ships and delivers building
materials to construction sites.  Bison owns and leases several tractor-trailer
and flatbed trucks for use in its business and employs several drivers to
operate these trucks.  Barber began working as a driver for Bison in June 2005
and was assigned to drive Truck 503.

On October 24, 2005, Barber drove
Truck 503 for 247.9 miles before colliding with a guardrail on Interstate 45
near Galveston.  Barber notified his supervisor, Andrew Silvas, about the
accident via two-way radio.  Silvas went to the accident scene to investigate. 
Texas City Police Officer Juan Garza also was dispatched to the accident scene
to investigate.

Barber had complained to his
supervisor several days before the accident that the steering in Truck 503 had Aplay@ in it and was causing him
difficulty.  Bison ordered a new steering gearbox, and one of Bison=s mechanics installed the new gearbox
on Truck 503 by October 22, 2005.  Bison=s mechanic found no problems with the
old gearbox, but was instructed to replace it Ajust to be on the safe side.@

Barber sued Bison for back injuries
he attributed to the accident.  Barber claimed that the steering on Truck 503
failed and caused the collision with the guardrail, and that Bison negligently
maintained Truck 503.

At trial, Barber relied on his own
testimony and the videotaped deposition of Dr. James Ghadially, his medical
expert.  Barber testified during cross-examination that he knew Truck 503=s gearbox had been replaced days
before the accident.  Barber testified that the steering disengaged on Truck
503 shortly before the accident, causing the truck to veer off the road and
into the guardrail; according to Barber, the steering re-engaged at or just
before impact.  

Barber offered no expert testimony to
establish that the steering mechanism of Truck 503 was defective, or that Bison=s mechanics negligently installed the
new gearbox on Truck 503 days before the accident.  Barber contended that a
bolt _ which was absent from the steering
assembly when Truck 503 was inspected after the accident _ was missing before October 24, 2005
and caused the steering to malfunction.  Dr. Ghadially testified about the
injuries and damages Barber attributed to the accident.   








Bison presented testimony from
Silvas, who testified that Barber never complained about steering problems with
Truck 503 from the time the gearbox was replaced until October 25, 2005, the
day after Barber=s accident.  Silvas testified that Barber never contacted him
during the day of the accident to complain about the steering on Truck 503,
even though Barber could have reached him via two-way radio at all times. 
Silvas testified that neither he nor Officer Garza saw any skid marks at the
accident scene.  Silvas also testified that Barber made no mention at the
accident scene to him or to Officer Garza of any steering difficulties causing the
collision.

Silvas testified that after Truck 503
had been towed to Bison=s truck yard in La Marque, he inspected the vehicle and drove
it around the lot.  Silvas testified that he then drove Truck 503 to Houston to
have it inspected.  Silvas experienced no problems with the steering on Truck
503 during that drive.  The inspection revealed the absence of a bolt from the
steering assembly; Silvas testified that the missing bolt could not have caused
a steering malfunction.  Silvas also testified that Bison continued using Truck
503 without further steering complaints or repairs until Truck 503 was replaced
in March 2007 as part of Bison=s standard operating procedure.

Dozier Taylor, Bison=s truck maintenance supervisor,
corroborated Silvas=s testimony about the replacement of Truck 503=s gearbox, although there was disagreement
about whether the replacement occurred on October 20 or October 22.  Taylor
testified that Aplay@ in the steering of a truck indicates a problem with the
gearbox.  Taylor testified that he ordered the gearbox on Truck 503 replaced
following Barber=s complaints Ajust to be on the safe side,@ even though no problems were found
with the old gearbox.








Taylor testified that it was
physically impossible for the steering in a truck to fail and then re-engage in
the manner Barber described, but he did not elaborate as to why it was
impossible.  Taylor testified that the missing bolt from the steering assembly
highlighted by Barber was designed to shear off during a collision and did so
in this case.  Taylor further testified that even if the bolt had not been in
place before the collision, its absence would not have caused the steering to
malfunction; according to Taylor, the bolt=s purpose was to prevent the steering
wheel from coming up and hitting the driver in a collision.  Taylor opined that
Barber=s accident was not caused by a
steering malfunction or defect.

Officer Garza=s videotaped testimony corroborated
much of Silvas=s testimony regarding the scene, including the lack of skid marks and the
absence of statements by Barber at the accident scene attributing the accident
to a steering malfunction.  Officer Garza described the area in which the
accident occurred and answered questions about his police report, which already
had been admitted into evidence without objection.  

Officer Garza testified that his
report did not mention a steering malfunction because Barber did not tell him
about one.  Officer Garza also testified that he asked Barber numerous times
about what caused the accident; Barber=s only response was a reference to a
pothole.  Officer Garza testified that he investigated the scene and found no
pothole.  Officer Garza opined that when people fail to respond to his
questions about the cause of an accident, they generally do so to avoid
incriminating themselves.  Barber objected at trial to the admission of all of
Officer Garza=s testimony, as discussed below. 

At the close of all of the evidence,
the jury answered Ano@ to a question asking if any negligence by Bison proximately
caused Barber=s accident.        

Analysis

Bison offered excerpts of Officer
Garza=s videotaped deposition at trial as
part of its defense.  Barber challenges the trial court=s admission of this videotaped
testimony over his objection that Officer Garza gave an expert opinion on
causation he was not qualified to offer.








To preserve a complaint for appellate
review, the record must show that the complaint was made to the trial court by
a timely objection that stated the grounds for the ruling sought with
sufficient specificity unless those grounds are apparent, and that the trial
court ruled or refused to rule on the objection.  Tex. R. App. P. 33.1(a).  An
objection must be clear enough to give the trial court an opportunity to
correct the asserted error.  Arkoma Basin Exploration Co. v. FMF Assocs.
1990-A, Ltd., 249 S.W.3d 380, 387 (Tex. 2008).  A ruling on a motion in
limine preserves nothing for appellate review.  Owens-Corning Fiberglas
Corp. v. Malone, 916 S.W.2d 551, 557 (Tex. App.BHouston [1st Dist.] 1996), aff=d, 972 S.W.2d 35 (Tex. 1998).  However, a motion in
limine may be sufficient to apprise the trial court of the basis of a
subsequent general objection at trial.  See Welch v. Tex. Employers= Ins. Ass=n, 636 S.W.2d 450, 453 (Tex. App.BEastland 1982, writ ref=d n.r.e.); Brown=s Estate v. Masco Corp., 576 S.W.2d 105, 107 (Tex. Civ. App.BBeaumont 1978, writ ref=d n.r.e.). 

We review a trial court=s evidentiary rulings for abuse of
discretion.  Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 906
(Tex. 2000).  A trial court abuses its discretion when it rules without regard
for any guiding rules or principles.  Owens-Corning Fiberglas Corp. v.
Malone, 972 S.W.2d 35, 43 (Tex. 1998).  We must uphold a trial court=s evidentiary ruling if there is any
legitimate basis for the ruling.  Id.

When evidence is admissible for one
purpose but inadmissible for another purpose, the court shall issue a limiting
instruction upon request; if no such request is made, the admission of the
evidence may not be challenged on appeal.  Tex. R. Evid. 105(a).  The failure
to request a limiting instruction waives any opportunity to complain on
appeal.  See Auld, 34 S.W.3d at 906.  








Barber argues on appeal that Officer
Garza=s causation testimony was
inadmissible because he lacked the necessary qualifications to testify about
causation.[1]  At trial,
Barber initially asserted in a motion in limine that Officer Garza was
unqualified to offer an opinion on causation.  The motion in limine was
granted.  The trial judge carefully read the testimony offered by Bison and
ordered Bison to redact any testimony about causation in conformity with Barber=s motion in limine before publication
to the jury.  Bison complied with the trial court=s order.  Barber was not allowed to
present any deposition excerpts as cross-examination of Officer Garza because
of Barber=s failure to designate any such excerpts before trial as required by the
trial court=s trial preparation order.

Of the videotaped testimony admitted
at trial, the only portions that arguably could be considered an opinion on
causation by Officer Garza were three exchanges in which Officer Garza opined
that Barber did not respond to his questions about how the accident happened for
fear that Barber might incriminate himself:

 

COUNSEL:    Can you give your opinion to the ladies
and gentlemen of the jury as to why you believed he wasn=t responding to you?

 

GARZA:         Okay.  To give an opinion as to why?

 

COUNSEL:    Right, he was not responding to your
questions as to how the accident happened.

 

GARZA:         Well, in my total 28 years of police
work, generally people feel like they might say something that will go back
badly against them that will reflect badly against them, so they tend to clam
up.

 

COUNSEL:    Was that your impression in speaking with
Mr. Barber, that he wasn=t saying anything to you because he did not want to
incriminate himself?

 

GARZA:         Well, that was kind of my impression.

 

*     *     *

 

COUNSEL:    Okay, and you felt that when you asked him
about how the accident happened, he refused to answer not because he didn=t understand you; but because he didn=t want to say something that may incriminate himself?

 








GARZA:         Well, I felt that was my impression.

 

COUNSEL:    Okay.

 

GARZA:         I=ve
seen other people in other accidents; and they=ve been, they=ve been in good impacts; and they answer. . . .

 

*     *     *

 

COUNSEL:    In your 23 years with Texas City Police
Department and 28 years overall, did you _ have you
seemed to come to the conclusion that times when people cause an accident, they
don=t want to answer your questions?

 

BARBER:       Objection, Your Honor.

 

COURT:         That is overruled.

 

GARZA:         Well, that=s _ yes, ma=am.  That=s
many times.

 

We do not address the first two
exchanges because Barber=s counsel did not object to them.  See Tex. R. App. P.
33.1(a).  Barber=s counsel objected only to the third exchange during trial,
and he did so without stating grounds for the objection.  Construing the record
and briefs generously, we consider the objection in light of Barber=s motion in limine as an objection
that Officer Garza was attempting to provide an inadmissible opinion on
causation.  See Welch, 636 S.W.2d at 453; Brown=s Estate, 576 S.W.2d at 107.  The trial court=s admission of the third exchange
provides no basis for reversal for three reasons.








First, this testimony was relevant to
the case and admissible for impeachment purposes.[2] 
Barber=s case relied heavily upon his
credibility with the jury and his ability to challenge the credibility of Bison=s witnesses, including Officer
Garza.  Officer Garza=s explanation of why a person would refuse to answer
questions about the cause of an accident provides evidence of potential bias
and self-interest on the part of Barber, and is admissible impeachment evidence
for this purpose.  See Tex. R. Evid. 613(b); Trans-State Pavers, Inc.
v. Haynes, 808 S.W.2d 727, 732-33 (Tex. App.BBeaumont 1991, writ denied). 

By testifying that he had told
Officer Garza a steering malfunction had caused the accident, Barber also
opened the door for Bison to introduce as impeachment evidence testimony from
Officer Garza refuting this claim.  See Tex. R. Evid. 607; Auld,
34 S.W.3d at 906; Haynes, 808 S.W.2d at 732-33.  Additionally, Barber
previously had attacked Officer Garza=s credibility by testifying that
Officer Garza lied, entitling Bison to introduce testimony rebutting Barber=s claim and rehabilitating Officer
Garza=s credibility.  See Tex. R.
Evid. 613(b); Auld, 34 S.W.3d at 906; Haynes, 808 S.W.2d at
732-33.  

Because the disputed testimony was
admissible for these purposes, the trial court did not err in overruling Barber=s objection to the admission of this
evidence.  See Auld, 34 S.W.3d at 905-06 (documents contradicting
witnesses= testimony were admissible for impeachment purposes notwithstanding
challenges to relevance and substantial prejudice); Malone, 972 S.W.2d
at 39 n.1, 43-44 (trial court=s evidentiary decision justified on several grounds including
potential to confuse the issues in the case, which was not argued at trial); see
also Halim, 203 S.W.3d at 488.

Second, because this evidence was
admissible on the alternative grounds identified above, the onus was on Barber
to ask for a limiting instruction if he wanted to restrict the jury from
considering the evidence with regard to causation.  See Tex. R. Evid.
105(a).  Barber did not request a limiting instruction and thus waived his
opportunity to challenge this evidence on appeal.  See Auld, 34 S.W.3d
at 906.








Third, the last exchange is
cumulative of the two previous exchanges quoted above to which Barber failed to
object.  Additionally, this exchange arguably was cumulative of evidence
mentioned elsewhere in Officer Garza=s deposition, and was offered by
Officer Garza to explain why his police report _ admitted without objection _ made no mention of a steering
malfunction.  When an objection to evidence is properly made, admission of
essentially the same evidence elsewhere without objection waives any complaint
regarding the admission of the evidence.  Tex. Dep=t of Pub. Safety v. Cortinas, 996 S.W.2d 885, 892 (Tex. App.BHouston [14th Dist.] 1998, no pet.). 
Because Barber did not object to the admission of substantially similar
evidence, he waived any opportunity to complain about the admission of the
disputed testimony on appeal.    

We overrule Barber=s issue regarding admission of
Officer Garza=s videotaped deposition testimony.   

Conclusion

The trial court=s judgment is affirmed.

 

/s/        William J. Boyce

Justice

 

 

Judgment
rendered and Memorandum Opinion filed November 4, 2008.

 

Panel
consists of Justices Yates, Seymore, and Boyce.









[1]           At trial, Barber objected to the admission
of Officer Garza=s testimony on two additional grounds: (1) lack of
personal knowledge; and (2) lack of qualifications to provide expert testimony
on accident reconstruction.  The trial court overruled these objections.  Based
upon a generous reading of Barber=s
brief, it appears that Barber does not challenge either ruling on appeal. 
Instead, Barber focuses his appellate argument solely on Garza=s asserted lack of qualifications to opine on causation. 
Thus, we do not address any asserted lack of personal knowledge or lack of
qualifications regarding accident reconstruction on Officer Garza=s part.  See Tex. R. App. P. 33.1(a).





[2]           Bison made no impeachment argument at trial
to support its claim that the evidence should be admitted.  However, we will
affirm a trial court=s evidentiary ruling if it is correct on any theory
supported by the pleadings and the evidence.  Malone, 972 S.W.2d at 43; Halim
v. Ramchandani, 203 S.W.3d 482, 488 (Tex. App.BHouston [14th Dist.] 2006, no pet.).