MILDRED K. BRIDGES, A WIDOW, INDIVIDUALLY AND AS NEXT FRIEND OF JOE WALLACE BRIDGES, III, AND SUZANNE BRIDGES, MINORS, Petitioners

v.

CITY OF RICHARDSON AND RAY F. SMITH & SON, Respondents

No. A-8682. Decided January 31, 1962
Rehearing Denied March 14, 1962
354 S.W. 2d 366

*Woodgate, Richards & McElhaney,* Dallas, for petitioners.

*Strasburger, Price, Kelton, Miller & Martin,* Dallas, for respondents.

PER CURIAM.

The opinion of the Court of Civil Appeals is reported in 349 S.W. 2d 644.

We approve the judgment entered by the Court of Civil Appeals, but we are not satisfied that the opinion of the court "in all respects has correctly declared the law". Normally that conclusion would call for no other action on our part than the stamping of the application for writ of error, "Refused. No Reversible Error". See Rule 483, Texas Rules of Civil Procedure. But some of the general holdings of the Court of Civil Appeals, express and implied, which we regard as erroneous are so far-reaching that we deem it wise to disapprove them specifically

lest they be regarded by lawyers, trial judges and judges of the Courts of Civil Appeals as having our tacit approval.

The holdings to which we refer and our views with respect thereto are:

1. That in order to complain successfully on appeal of the erroneous admission of evidence, a party must have filed a proper motion in limine to suppress the evidence or to instruct counsel not to offer it.

■ The purpose in filing a motion in limine to suppress evidence or to instruct opposing counsel not to offer it is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case or on the rights of the parties to the suit. It is the prejudicial effect of the questions asked or statements made in connection with the offer of the evidence, not the prejudicial effect of the evidence itself, which a motion in limine is intended to reach. A proper objection made at the time evidence is offered is sufficient to preserve right of review of error committed in admitting it, and a motion in limine is not a necessary predicate for complaint on appeal that the admission of the evidence was error and that the error was prejudicial.

2. That in order to complain successfully on appeal of the erroneous admission of evidence, a party must have requested that the jury be retired until the judge had heard and ruled upon the admissibility of the evidence.

■ A request to retire the jury while evidence is being offered cannot be a necessary predicate to the right to complain on appeal of a trial court's error in admitting evidence over proper objection. The purpose in retiring a jury is to prevent prejudice through development of questionable evidence in the presence of the jury if the evidence is later *excluded,* or to permit the perfecting of a bill of exceptions after the evidence has been excluded.

3. That an objection that proffered evidence is "immaterial and irrelevant" is not sufficient to preserve right of review of error committed in admitting it.

■ The rule stated is a correct general rule but there is a limitation on or an exception to the rule: When the evidence is not

294

relevant to any issue in the case and can have no material bearing thereon, a general objection that it is immaterial and irrelevant is sufficient to preserve right of review of error committed in admitting it. 1 McCormick & Ray, Texas Law of Evidence, 2d ed., Sec. 25, p. 24; 1 Wigmore, Evidence, 3d.ed. Sec. 18, p. 336.

4. That a conclusion that the erroneous admission of evidence was not reasonably calculated to cause and probably did not cause an improper judgment leads to the further conclusion that "no error resulted in [from] the admission of the evidence."

■ If evidence is erroneously admitted, error exists; if its admission was not reasonably calculated to cause and probably did not cause an improper judgment, it is still error but is not *reversible* error. The question of whether a particular error is reversible error depends upon whether it was reasonably calculated to cause and probably did cause an improper judgment and presupposes the existence of error. Aultman v. Dallas Ry. & Term. Co., 152 Texas 509, 260 S.W. 2d 596.

In pointing out the foregoing errors in the opinion of the Court of Civil Appeals we are not to be understood as approving all other holdings and statements in the opinion.

The application for Writ of Error is "Refused. No Reversible Error". Rule 483, Texas Rules of Civil Procedure.