**HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, Petitioner,**

v.

**George McCARDELL, Respondent.**

No. A-9094.

Supreme Court of Texas.

June 26, 1963.

Rehearing Denied July 31, 1963.

Thomas A. Wheat, Liberty, Fulbright, Crooker, Freeman, Bates & Jaworski, Charles M. Haden and Walter W. Williams, Houston, for petitioner.

J. Robert Liles, of Davis, Phelps, Liles, Norton & Gray, Houston, for respondent.

HAMILTON, Justice.

This is a workmen's compensation case in which the respondent sued for total and permanent incapacity resulting from an injury to his left hip and back caused by being kicked by a mule. The jury found respondent totally incapacitated for a period of five weeks, and inasmuch as petitioner had already paid that amount, judgment was entered that respondent take nothing. The Court of Civil Appeals has reversed and remanded. 360 S.W.2d 831. Hartford is petitioner here.

Petitioner contends that the Court of Civil Appeals was in error in holding, first, that the trial court was in error in overruling respondent's special exception to the pleading; second, that the trial court erred in overruling respondent's motion in limine; and third, that the trial court erred in admitting into evidence certain petitions, affidavits, notices of injury and claims for compensation arising out of five other accidents. We sustain petitioner on its first two points. We overrule petitioner on the third point and affirm the judgment of the Court of Civil Appeals.

I. *Special Exception to the Pleadings.*

The pleading in question reads as follows:

"Answering further, if necessary, Defendant says that Plaintiff's disability or incapacity, if any, was caused by some disease, condition of health, some physical defect and/or some injury other than that made the basis of this suit, or some other cause or combination of causes unrelated in whole or in part to the alleged injury or disease alleged herein and made the basis of this suit."

Respondent specially excepted to this pleading on the ground that it was too general, and he requested that petitioner be required to plead specifically which injury or disease or physical defect petitioner relied on. The trial court overruled respondent's exception; the Court of Civil Appeals held this to be error. We sustain petitioner's point of error complaining of this holding.

The Court of Civil Appeals assumed that this pleading was intended as an allegation of facts raising an affirmative defense under Article 8306, § 12c, Vernon's Ann.Tex.St.[1] It is difficult to tell from the pleading itself whether it was designed as a pleading of 12c defense or as a pleading of the inferential rebuttal defense actually submitted to the jury in Special Issue Number 11.

The two defensive issues submitted to the jury read as follows:

### "SPECIAL ISSUE NO. 11

"Do you find from a preponderance of the evidence, that the incapacity, if any, which the Plaintiff, George McCardell, has had or will have, has not been or will not be due solely to some other injury or disease or condition of his body, or a combination thereof, if any, unconnected with the injuries sustained, if any, on July 18, 1957?

"To which the Jury answered 'It is due solely'.

"If you have answered the preceding Special Issue No. 11, 'It is not due solely', and only in that event, then answer the following:

### "SPECIAL ISSUE NO. 12

"What percentage, if any, do you find from a preponderance of the evidence, that the incapacity, if any, which Plaintiff, George McCardell, has had or will have, has not been or will not be due solely to some other injury or disease or condition of his body, if any, unconnected with the injuries he sustained, if any, on July 18, 1957?

"To which the Jury gave no answer."

Despite petitioner's consistent argument that it was relying on Section 12c, Special Issue No. 11 is a submission of an inferential rebuttal theory and cannot be considered a proper submission of Section 12c. On the other hand, Special Issue No. 12 appears to inquire of facts which would establish Section 12c rights. We are at a loss to know whether petitioner proceeded under one or both theories. Clearly the pleading does not inform us, and it is insufficient for that reason. Rule 45; Pabst v. Roxana Petroleum Corp., 125 Tex. 52, 80 S.W.2d 956. But respondent's special exception did not raise that question and it is not now before the court. Rule 90.

Regardless of which theory this pleading was meant to state, it was insufficient for want of specific allegations as to which of the other injuries caused the present incapacity. The sufficiency of the pleadings in this case is governed by the principles applied by this court in Agnew v. Coleman County Electric Cooperative, 153 Tex. 587, 272 S.W.2d 877 (1954), where it was held that a general pleading of contributory negligence would entitle the defendant to submission of special issues inquiring of specific acts of negligence, unless attacked by special exception demanding allegations of the specific acts relied on.

The pleading was insufficient and the trial court was in error in not sustaining respondent's special exception. However, we think the error was harmless for the reason that the trial court in entering judgment specifically disregarded the answer of the jury to Special Issue No. 11 and entered judgment on respondent's issues. The Court of Civil Appeals has re-

---

1. "Sec. 12c. If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association (Texas Employers' Insurance Association) shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had

there been no previous injury; provided that there shall be created a fund known as the 'Second-Injury Fund' hereinafter described, from which an employee who has suffered a subsequent injury shall be compensated for the combined incapacities resulting from both injuries. Acts 1917, p. 269; Acts 1947, 50th Leg., p. 690, ch. 349, § 1."

versed the trial court and remanded for a new trial on account of the error of the trial court in overruling the special exception. Rule 503 of the Texas Rules of Civil Procedure provides:

" * * * that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that an error of law has been committed by the trial court in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the petitioner as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case * * *."

Since the jury answered only one issue submitted under the defective pleadings, and the answer to that issue was disregarded by the trial court, we see no possible way in which the pleadings could have caused the rendition of an improper judgment. There was no complaint that the reading of the defective pleading to the jury was harmful.

We are cognizant of the apparent conflict of the answer to Issue No. 11 and the jury's verdict that the respondent was totally incapacitated for a period of five weeks as a result of the injury sued on. But that question is not before us and we are not passing on the propriety of the trial court's disregarding the answer of the jury to Issue No. 11 and entering judgment on the issues of respondent, the plaintiff below.

## II. *Motion in limine.*

The Court of Civil Appeals held that the trial court erred in not sustaining a portion of respondent's motion in limine which sought to suppress evidence of claims, settlements or payments arising out of three other injuries. We sustain petitioner's point of error complaining of this holding.

We held in Bridges v. City of Richardson, Tex., 354 S.W.2d 366 (1962), that a party need not file a motion in limine in order to preserve the right to appellate complaint about erroneous admission of evidence. Proper objection made at the time of the offer of the evidence is sufficient. We stated that the purpose of a motion in limine is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury. It seems that the converse of our holding in the Bridges case is that although the overruling of a motion in limine may be error, it is never reversible error.

■■ If a motion in limine is overruled, a judgment will not be reversed unless the questions or evidence were *in fact* asked or offered. If they were *in fact* asked or offered, an objection made at that time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial that the mere asking or tendering should require a reversal. In neither case—(1) questions not asked or evidence not offered, or (2) questions asked or evidence offered—should the error of the trial court in overruling the motion in limine be regarded as harmful or reversible error.

## III. *Objections to Evidence.*

Over respondent's objections the trial court admitted into evidence petitions, notices of injury and claims for compensation and affidavits filed in courts and with the Industrial Accident Board in connection with five other injuries respondent had received. The Court of Civil Appeals held that the trial court erred in admitting these instruments because they were not admissions, they were offered merely to show that respondent had filed prior claims and suits and not for the purpose of proving a defense under Article 8306, § 12c.

Petitioner argues that the documents were properly let in as admissions for the purpose of impeaching respondent's testimony and to prove the Article 8306, § 12c defense.

As proof of the rebuttal theory, the ultimate issue of fact to which these documents

are said to be relevant is respondent's issue on "producing cause". Petitioner's theory is that the mule kick injury was not the producing cause of the incapacity; it seeks to prove this affirmatively by showing that some other injury, or injuries, was the sole producing cause. As evidence of § 12c rights the ultimate issue is whether or not the other injuries contributed to the present incapacity.

Before discussing the law we wish to describe in some detail the contents of the documents themselves and the circumstances surrounding their introduction into evidence.

1951 injury. First, a petition and affidavit filed in a district court in 1951 were offered early in the trial. Respondent admitted on direct examination that he had received a back injury in 1951 while lifting a log, but, he testified, the resulting incapacity kept him from work only one month. Respondent also testified that this was the only other back injury he had received. On cross-examination respondent reaffirmed his testimony, and at that point petitioner offered the petition and affidavit. The petition—filed three months after the injury— alleged the accident, a back injury, and total, permanent incapacity. The affidavit contained essentially the same statements. Respondent's attorney objected on the ground that these were hearsay and not an admission of any material fact. After the petition and affidavit were let in, petitioner offered five other instruments—notices of injury and claims for compensation filed with the Industrial Accident Board in connection with this injury. These also contained descriptions of the accident, injury, and claims of total, permanent incapacity. Curiously, when these notices were offered respondent's attorney said, "We have no objection."

1955 injury. As the trial progressed petitioner's attorney asked respondent if he had not suffered another back injury in 1955 while working for a lumber company. Respondent testified that only his shoulder and neck were injured in that accident. Petitioner then introduced a notice of injury and claim for compensation filed with the Industrial Accident Board in which respondent claimed total, permanent incapacity from injuries to his left shoulder, arm, chest, thumbs and the upper cervical region of his back.

1956 injury. Petitioner's attorney asked respondent if he had ever had any other injuries to his left hip, and respondent answered that he had not. Petitioner was then permitted, over objection, to introduce a report by a Dr. Markewich which had been filed with the Industrial Accident Board. This report tends to show that respondent had received an injury to his *right* hip in a 1956 accident.

1957 injury. Petitioner introduced a notice of injury and claim for compensation filed with the Industrial Accident Board in which respondent alleged an injury to his left arm and shoulder caused by an accident which occurred subsequent to the mule kick.

1945 injury. Toward the end of the trial petitioner's attorney again asked respondent if he still insisted that the 1951 injury was the only other back injury he had received; whereupon, respondent admitted that he remembered that he had suffered another injury in 1945 when he was hit on the back by a barrel. Respondent testified that this injury "did not amount to much" and that he had gone back to work within one week.

Over respondent's objection petitioner was allowed to introduce an affidavit signed by respondent in which he stated that he had received a back injury, and that at the time of the affidavit—over two months later—he was still incapacitated and could not work.

After further questioning, respondent testified that he had gone to see a lawyer about filing a claim but that he did not go back to the lawyer after that first visit. Petitioner's attorney then was allowed to introduce a petition filed in a district court eight months later by that same lawyer.

This petition contains allegations of various injuries, including a back injury, and allegations of total permanent incapacity.

■ The question of the admissibility of petitions, notices of injuries, claims for compensation and affidavits filed in courts or with the Industrial Accident Board in connection with other injuries than the one sued on in a compensation case has been quite a problem to the courts. We see no reason why the well-settled rules of evidence should not govern in these cases. The objection made to this type of evidence was that it was hearsay and prejudicial. The objection is good unless it comes under some exception to the hearsay rule. The well-accepted rule is "evidence of a statement made out of court when such evidence is offered for the purpose of proving the truth of such previous statement is inadmissible as hearsay." McCormick and Ray, Texas Law of Evidence, Vol. 1, § 781, and cases there cited.

■■ One of the exceptions to this rule is an admission of a party against his interest in reference to a material matter. An admission used in this sense "may be defined as any statement made or act done by one of the parties to any action or on his behalf which amounts to a prior acknowledgment by such party that one of the facts relevant to the issues is not as he now claims." McCormick and Ray, Vol. 2, § 1121.

■ As evidence, admissions by a party are a two-pronged assault on the admitter's case. As a true exception to the hearsay rule they prove the truth of the facts admitted. Cook v. Hamer, 158 Tex. 164, 309 S.W.2d 54 (1958); McCormick and Ray, Texas Law of Evidence, Vol. 2, § 1121. And since by definition they are inconsistent with the admitter's testimony at trial, they tend to impeach his credibility. (For the distinction between impeachment and admissions of a party, see Edwards v. Osman, 84 Tex. 656, 19 S.W. 868 (1892), and McCormick and Ray, Vol. 2, § 1124.)

While petitioner's application states the argument in terms of impeachment, we have interpreted it to be an argument based on the principle that an admission of a party is an exception to the hearsay rule, and will so treat it.

■ In order for a document otherwise condemned by hearsay to qualify as an admission it must contain some statement relevant to a material issue in the case and inconsistent with the position taken by the party against whom it is introduced. In discussing the admissibility of these documents containing statements of the respondent we must keep in mind the issues to be determined.

■ The issues in this case are clearly drawn. Respondent maintains that the injuries he received from a mule kick are the producing cause of his incapacity to labor. Petitioner contends that respondent is suffering from no disability, but if he is, his incapacity to labor is the result of other injuries. The only reason evidence of other injuries is admissible at all in a compensation case is that it might have some bearing on the question of whether the injury sued on is the producing cause of any incapacity claimed.

■ With reference to the 1945 injury described above, there is no question but that there is an inconsistency in the respondent's testimony at the trial and the statement contained in his petition filed in court eight months after the 1945 injury, in which he states that he is totally incapacitated to labor and has been continuously since his injury, his testimony on the trial being that he was incapacitated for a period of a week and the injury did not bother him thereafter. Respondent contends that even though the injury was a back injury similar to the one sued on in the instant case, and that the testimony is inconsistent with the statement in the petition with reference to the extent of the injury, that the inconsistency is not relevant to any issue in the case because there is no

**338**

showing that the effects of the 1945 injury have persisted and now are affecting the incapacity claimed by the respondent. Respondent in this case contends that he is suffering from a herniated disc. There was testimony in the case that the effects from this sort of an injury sometimes disappear for a time and then reoccur. We think the Court of Civil Appeals was in error in holding that the petition filed in connection with the 1945 injury was not admissible.

■ Likewise, we hold that the Court of Civil Appeals was in error in holding that the documents introduced in connection with the 1951 injury were not admissible. The inconsistency there was that plaintiff claimed he was incapacitated for only one month, whereas the documents introduced in connection with that injury showed that he was totally incapacitated for at least three months. This was also a back injury and much closer to the time of the injury here sued on than the 1945 injury. Consequently, we think the trial court did not abuse its discretion in allowing such documents to be introduced in evidence as being relevant to the principal issue in the case.

■ As to the 1955 injury, respondent testified that only his shoulder and neck were injured in that accident. Petitioner then introduced a notice of injury and claim for compensation filed with the Industrial Accident Board which showed an injury to the upper cervical region of respondent's back. Petitioner contends that this was inconsistent with plaintiff's testimony that his back was not injured in that accident and for that reason was admissible. One of the doctors testified that "upper cervical region of the back" meant the "neck". We think this is not such an inconsistency as would come under the exception to the hearsay rule to allow the introduction of the documents as an admission against interest.

■ With reference to the 1956 injury, respondent testified to having had an injury to his right leg. Petitioner introduced over objection a report of history and physical examination on respondent by a Dr. J. Markewich which had been filed with the Industrial Accident Board. We are at a loss to understand why this instrument was allowed to be introduced. There is no claimed inconsistency between the report and the respondent's testimony. It is not even a statement of the respondent, therefore cannot be an admission. It is pure hearsay and it was error for the trial court to admit it. ·

■ Petitioner contends that there is an inconsistency on another ground, that is, as to the claimed permanency of the 1956 injury. We reject that argument; the statement of claimed permanency is not susceptible of inconsistency with a statement of fact at the trial that the 1955 injury is not then affecting the incapacity sued on. The statement in 1955 that the incapacity would be permanent was nothing more than a prediction; it was not a statement of a fact. If on Monday a man says, "On Tuesday it will rain", and on Wednesday he says, "It did not rain on Tuesday", we could not logically say that the former statement was inconsistent with the latter or that he admitted that it did not rain on Tuesday. The most we could say is that he had acknowledged that he had been in error. In other words, one cannot be said to have admitted the truth of a predicted fact; a prediction is not an assertion of the truth of the fact predicted.

■ Concerning the 1957 injury, plaintiff testified that he hurt his left arm and left shoulder while lifting a plate of sheet iron with three other men. Petitioner introduced notice of injury and claim for compensation filed with the Industrial Accident Board describing the injury almost exactly as the respondent had testified. There is no inconsistency in the testimony and the statement made in the notice of injury. Therefore it was not admissible as an exception to the hearsay rule, and it was error for the trial court to admit it. We think

the only purpose which could be served by introducing the documents concerning the 1955, 1956 and October, 1957 injuries was to show that plaintiff had filed the suit and filed claims before the Industrial Accident Board for other injuries. Viewing the record as a whole, it is clear that petitioner takes the position that the respondent is a malingerer in respect to the injury sued on, and furthermore that he is an habitual and chronic claimant.

▆▆▆ While the introduction of such documents does tend to uphold petitioner's position, they are not admissible for that purpose under any rule of evidence. It is evident that their introduction is harmful and prejudicial to respondent's case. For that reason we overrule petitioner's point complaining of the action of the Court of Civil Appeals in reversing and remanding the case for a new trial on account of the introduction of the documents in connection with the 1955, 1956 and October, 1957 injuries.

Our affirmance of the Court of Civil Appeals' holding is not, as respondent contends, inconsistent with the holding in St. Paul Fire & Marine Insurance Co. v. Murphree, Tex., 357 S.W.2d 744 (1962). In that case we held that it was not reversible error to exclude a petition filed in connection with an injury subsequent to the injury in question when the facts alleged (nature and extent of injury) in that petition had been admitted by the plaintiff in his testimony at trial. The court there chose to hold that the testimonial admission of the facts stated in the petition rendered harmless any error in excluding it. The court might just as well have held, as we do here as to the documents relating to the 1955, 1956 and October, 1957 injuries, that because of the testimonial admission of the facts stated in the petition, there was no inconsistency, thus

no ground for its being received as an admission.

We affirm the judgment of the Court of Civil Appeals reversing and remanding the case.

GRIFFIN, Justice (concurring in part and dissenting in part).

I agree with the holding that the trial court should have sustained plaintiff's special exception, but that it was harmless error under the facts of this record.

I disagree with Judge HAMILTON's holding that certain documentary evidence was inadmissible.

SMITH, Justice (concurring).

This is a workmen's compensation case. The plaintiff, George McCardell, sued the defendant, Hartford Accident and Indemnity Company to recover compensation for total and permanent incapacity resulting from an injury alleged to have been sustained on July 18, 1957. Plaintiff recovered a judgment for total incapacity for the limited period of five weeks. The trial was to the Court with the intervention of a jury. Plaintiff appealed to the Court of Civil Appeals and that Court reversed the judgment and remanded the cause to the trial court for a new trial. 360 S.W.2d 831.

The parties will hereinafter be designated as in the trial court. When the defendant's petition for writ of error was granted, this court was of the tentative view that the trial court correctly overruled plaintiff's special exceptions to paragraph IV [1] of the defendant's second amended original answer, and that the Court of Civil Appeals erred in holding to the contrary. Upon further consideration and after hearing oral argument, I have concluded that the action of the trial court in overruling plaintiff's special ex-

[1]. "Answering further, if necessary, Defendant says that Plaintiff's disability or incapacity, if any, was caused by some disease, condition of health, some physical defect and/or some injury other than that made the basis of this suit, or some other cause or combination of causes unrelated in whole or in part to the alleged injury or disease alleged herein and made the basis of this suit."

ception [2] and motion to strike paragraph IV of defendant's answer was prejudicial error. In my opinion the judgment of the Court of Civil Appeals reversing that of the trial court should be affirmed.

In this opinion I will not only state my reasons for holding that the defendant's general defensive pleadings were prejudicial to the rights of the plaintiff, but will announce rules to be followed in the event of a retrial of this case. I deem this to be necessary since the procedural aspects of the case are made difficult because the defensive pleadings and the evidence introduced in the trial indicate that the plaintiff has sustained several injuries in the course of his career which the defendant claims contributed to plaintiff's alleged incapacity.

### Special Exceptions

There are some basic rules which come into play in determining whether or not the trial court has committed error in ruling upon special exceptions to pleadings. Some of these rules are found in the Texas Rules of Civil Procedure, and some have developed through the decided cases in this jurisdiction. The nature of plaintiff's cause of action, as reflected by the pleadings, determines the ultimate plaintiff's issues to be submitted to the trier of the facts. It is equally true that the rules require that in certain cases the defendant must affirmatively plead the defenses upon which he relies in order to be entitled to an affirmative submission of such issues in his behalf. " * * [E]xcept in trespass to try title, statutory partition proceedings and other special proceedings in which the pleadings are specially defined by statutes or procedural rules,

a party shall not be entitled to an affirmative submission of any issue in his behalf where such issue is raised only by a general denial and not by an affirmative written pleading on his part. * * *" Rule 279,[3] Texas Rules of Civil Procedure.

Rule 91 provides that a special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to. See also Rule 94.

Unless there is a strict compliance with the provisions of Rule 91, a pleading, wholly too general, may authorize the introduction of testimony to establish the generally alleged facts. The pleadings furnish the standard by which the Court determines the admissibility of evidence, but it is the duty of the Court to instruct the jury as to the law arising on the facts. Agnew v. Coleman County Electric Cooperative, 153 Tex. 587, 272 S.W.2d 877, 879 (1954). In the case of Western Union Telegraph Co. v. Jeanes, 88 Tex. 230, 31 S.W. 186, 187, it was held that the defendant's pleadings were too general and that "[i]f specially excepted to for generality, the averment should have been held bad." See also, May v. Taylor, 22 Tex. 348.

The plaintiff in the present case has complied with Rule 91 in regard to the form of special exceptions necessary to point out the claimed defect of the defendant's pleadings. Plaintiff's special exceptions pointed out to the Court that he was entitled to have the defendant plead specifically the

**2.** "Plaintiff specially excepts and takes exception to Paragraph IV. of the Defendant's Second Amended Original Answer wherein the Defendant only generally sets out that the Plaintiff's disability or incapacity was caused by some disease, condition of health, some physical defect, or some injury other than that made the basis of this suit, or some other cause or combination of causes unrelated in whole or in part to the alleged injury or disease alleged to be made

the basis of this suit since such pleading does not sufficiently inform the Plaintiff of what disease or general condition or physical defect or injury or combination of such causes, which the Defendant is relying upon, and, therefore, the Plaintiff cannot properly prepare a defense to such pleading. * * *"

**3.** All reference to rules herein has reference to Texas Rules of Civil Procedure.

*disease, condition of* health, *physical defect, or injury,* or combination of such causes which the defendant was relying upon to diminish or defeat his cause of action for a recovery for total and permanent incapacity as the result of the July 18, 1957, injury; that without being so apprised through written pleadings, he would not be able to investigate and prepare his defense against such claims.

I agree with the plaintiff that the trial court's action in failing to respond favorably to the special exceptions resulted in material harm to the plaintiff. Any pleading, such as the one here under attack, which fails to give fair notice to the opposite party of the matters expected to be established is harmful. See Rust v. Rust, 131 Tex. 532, 117 S.W.2d 59 (1938); See International & G. N. R. Co. v. Pape, 73 Tex. 501, 11 S.W. 526 (1889); Traders & General Ins. Co. v. Hicks, Tex.Civ.App., 94 S.W.2d 824 (1936); Garrett v. City of Wichita Falls, Tex.Civ. App., 329 S.W.2d 491 (1959), no.wr.hist. To hold otherwise in this case would render useless special exceptions, the chief method provided in the Texas Practice for the protection of litigants against unfair pleadings. The special exception provides a single, intelligible, straight-forward method of indicating those parts of the opponent's pleading which should be reframed before trial. See McDonald, Texas Civil Practice, Vol. 2, Sec. 7.21, pp. 643, 644.

The harmful effect of the general pleadings is best illustrated by considering the nature of plaintiff's cause of action and the defendant's defense thereto. Plaintiff alleged in this case that he had sustained an accidental injury in the course of his employment and that as a result of such injury he had sustained total and permanent incapacity. It is sufficient to say that if a jury had found upon sufficient evidence that some total incapacity existed as a result of the injury alleged to have been sustained on July 18, 1957, plaintiff would have been entitled to judgment. For the plaintiff to recover for total and permanent incapacity, it was not necessary for him to

plead and secure a jury finding that the July 18, 1957, injury was the sole cause of his incapacity. See St. Paul Fire & Marine Insurance Co. v. Murphree, Tex., 357 S.W.2d 744, and cases cited therein at page 749.

The defendant not only contends that its pleadings were not subject to the special exceptions urged by the plaintiff, but argues that in the event it should be held that the trial court erred in overruling the exceptions, it should be further held that such error was rendered harmless because the plaintiff demonstrated by his allegations in a motion in limine that he had knowledge of all the defenses the defendant expected to prove under the allegations contained in paragraph IV, supra. I cannot agree. The fact that plaintiff knew that he had sustained the injuries enumerated in the motion in limine did not relieve the defendant of the duty of pleading its defense in such a manner as to enable the plaintiff to adequately prepare his case before the date of trial. Whatever "disease, condition of health, physical defect, or injury, or combination of causes" the defendant had in mind to establish to defeat plaintiff's cause of action was certainly buried in obscurity. Under the Rules of Practice in Texas, obscure pleadings are no longer permitted where proper objection is made thereto. These rules apply equally to both plaintiff and defendant alike. The plaintiff in this case, in view of his special exceptions, was entitled to know before being required to announce ready for trial, what disease, what injuries or combination of injuries were to become issues in the case. The motion in limine requested the trial court to instruct the counsel for the defendant to make no reference to injuries he had sustained on three separate occasions, to-wit: On November 29, 1955; on September 12, 1956; and on October 31, 1957. The motion makes no reference to any disease, condition of health or some physical defect. Neither does the enumeration of three injuries other than the one in suit necessarily include all the injuries or com-

bination of causes unrelated to the injury of July 18, 1957, which the defendant might have attempted to prove under its general allegations. Under the circumstances, I am of the opinion that it should be held that the error of the trial court in overruling the plaintiff's special exceptions amounted to such a denial of the rights of the plaintiff as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case. See Rule 503. Clearly, the erroneous ruling was such as probably prevented the plaintiff from properly preparing for trial and properly presenting his case in the trial court.

Upon a retrial of this case, I would respectfully direct the trial court's attention to the case of St. Paul Fire & Marine Insurance Co. v. Murphree, supra. That case was decided in May, 1962, after the judgment in the present case was entered. The Court there was confronted with some of the problems involved here. In that case, we were not concerned with special exceptions, but were called upon to pass upon the action of the trial court in sustaining Murphree's motion in limine, and the action of the trial court in excluding evidence bearing upon injuries sustained by Murphree both before and after the injury directly involved in the suit. One phase of the Murphree case, and our holding thereon, does point up the correctness of our holding in the present case. In that case, the defendant pleaded as a defense that an injury sustained by Murphree on June 28, 1957, contributed 25% to the incapacity alleged by Murphree. The jury so found, but the trial court sustained Murphree's motion to disregard the jury finding on the ground that the injury was *general* and *noncompensable*. We held that a general, noncompensable injury could not be used to reduce the liability of the insurer as a result of the injury made the basis of the suit. Had the defendant in the present case pleaded with particularity the specific injuries relied upon to reduce plaintiff's recovery, the plaintiff would

have been in a position to move to strike any pleading reflecting a general but noncompensable injury. In such event, if the hearing on the motion revealed that the alleged contributing injury was, without dispute, general and noncompensable, the motion to strike should be granted. The time of the Court and the parties should not be consumed with immaterial matters. Furthermore, the trier of the facts should not be called upon to consider such immaterial matters in determining the controlling issues in the case.

### Motion in Limine and Objections to Evidence

On another trial if a motion in limine is filed, the trial court will necessarily be required to pass upon the motion. Since, in my opinion, the judgment of the Court of Civil Appeals should be affirmed on another ground, I need not express my views as to the defendant's point complaining of the action of the Court of Civil Appeals in holding that the trial court erred in not sustaining plaintiff's motion in limine. However, I would point out that in the case of Bridges v. City of Richardson, Tex. 354 S.W.2d 366, we held that the purpose in filing a motion in limine was to suppress evidence or to instruct opposing counsel not to offer it so as to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case or on the rights of the parties to the suit. The holding in the Bridges case points out the procedure to be followed in the event the motion in limine is overruled. In regard to the admission of evidence, a proper objection made at the time evidence is offered is sufficient to preserve the right of review of error committed in admitting it, and a motion in limine is not a necessary predicate for complaint on appeal that the admission of the evidence was error and that the error was prejudicial. Bridges v. Richardson, supra.

In the Murphree case, the trial court sustained plaintiff's motion in limine. However, for reasons stated in the opinion, we held that such action was not reversible error. Regardless of whether a motion in limine is filed or not filed, it is made clear in the Murphree opinion that evidence showing the nature and extent of the prior and subsequent injuries there involved was admissible. The evidence of such injuries was held to be admissible on the theory that it is the extent of the prior and subsequent injuries that reduces the insurer's liability. The Murphree case also stands for the proposition that pleadings in other actions which contain statements inconsistent with the party's present position with reference to such other actions are receivable as admissions. See McCormick and Ray, Texas Law of Evidence, 2d Ed. 1956, Vol. 2, § 1145, p. 34. We held in the Murphree case that the action of the court in excluding evidence of the sums of money obtained in settlement of other claims was proper, citing authorities. We also held that what an employee is paid in settlement of his claim growing out of an injury does not determine the extent of the prior and subsequent injuries. Settlement agreements and the sums paid in settlement of other suits or claims cannot serve the jury or the trier of the facts materially in determining the extent of the injuries contributing to McCardell's disability. See Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811 (1945), and other cases cited in the Murphree case.

The defendant admits in its briefs that proof of prior claims merely for the sake of proving prior claims, by means of prior pleadings, notice of injury, and similar papers is a *"vice"* that under proper circumstances is to be condemned. However, it is argued that as a matter of practical economics, pleadings, affidavits and related papers in cases involving other claims are admissible, and if not admitted, " * * * it will be literally impossible for the members of the Bar to obtain and have ready for trial, expert and lay witnesses and other evidence of prior injuries * * *" I do not share the view thus expressed. On the other hand, I see no reason why the well-settled rules of evidence should not govern in compensation cases where multiple injuries are involved. To avoid complications in the future, so far as this case is concerned, I have herein announced some of these rules, which could be applicable on a retrial.

For the reasons stated, I would affirm the judgment of the Court of Civil Appeals.

GREENHILL, STEAKLEY and WALKER, JJ., join in this opinion.