John William STEVENSON, Appellant,

v.

Carolyn Jane STEVENSON, Appellee.

No. 14280.

Court of Civil Appeals of Texas.

Houston.

Jan. 16, 1964.

Minter & Graham, Sam S. Minter, Thomas J. Graham, Houston, for appellant.

Bill Waltrip, Beaumont, George H. Vance, Houston, for appellee.

WERLEIN, Justice.

Appellee, Carolyn Jane Stevenson, sued appellant for a divorce, for division of property, custody of their minor children, and child support. Appellant filed a cross-action in which he sued for divorce and custody of the children. Based upon the findings of the jury, the court granted appellant a divorce on his cross-action, decreed the custody of the children, Scott Allen Stevenson, a boy 7 years of age, and April Stevenson, a girl 4 years of age, to appellee, with visitation rights in appellant, and also entered judgment for a division of the community property and child support. Appellant has appealed only from that part of the judgment decreeing the custody of said children to appellee.

The gravamen of appellant's complaint is that the court erred in striking all allegations from his cross-action concerning the temporary injunctions previously decreed by the court enjoining appellee and one Corydon Merriman Ashby, Jr. from in any way communicating with one another, and in striking from appellant's pleadings any reference to violations of said injunctions and contempt proceedings, and in directing in limine that no reference be made during the trial of the case to said injunctions and contempt proceedings in connection therewith. Appellant also contends that the court committed reversible error in excluding evidence of the fact that appellee and her paramour Ashby had continued to associate together in violation of said injunctions and that Ashby had been tried, convicted and sentenced to jail for contempt of court because thereof. Appellant asserts that such evidence, if admitted, would have been of sufficient weight to have persuaded the jury to award the custody of the children to him rather than to appellee.

The evidence shows that on or about November 17, 1961 appellant was informed by appellee that she wanted a divorce; that on or about December 6, 1961 Ashby's wife discovered that her husband and appellee were having an affair, and that on December 7, 1961, appellee informed appellant that she was in love with Ashby and wanted to marry him. From then on Ashby and appellee continued to go together quite frequently. The record contains much testimony relative to their association together. According to the testimony of appellant, his little boy informed him that appellee and Ashby had taken him and his little sister to the beach at Galveston where the boy had overheard his mother and Ashby talking about living with each other and that Ashby had kissed appellee in the boy's presence. While the evidence indicates that the association of appellee and Ashby was indiscreet and immoral and would likely result in breaking up two homes, both with children, there is no evidence of probative force that Ashby and appellee engaged in adulterous relations.

Although there is considerable evidence reflecting unfavorably upon the character of appellee, the jury awarded the custody of the children to her, probably because they were of tender age and she was their mother and would likely take proper care of them despite her love affair with Ashby. Then, too, there were several witnesses who testified that she took good care of the children. The jury may also have taken into consideration the fact that appellant was a man of rather violent temper and somewhat emotionally unstable, having twice contemplated suicide. They possibly considered that if the children were awarded to appellant, he would in all probability leave them with his mother, who had previously been in poor health. In any event, the jury found that the welfare of the children would be best served by placing them in the custody of appellee.

Although appellant has not assigned as error that the finding of the jury with respect to the children is against the great weight and preponderance of the evidence, we have read the entire record

and have concluded that such finding is amply supported by evidence of probative force. The violation of the injunctions, while punishable in a contempt proceeding, did not involve moral turpitude on the part of appellee. It is our view, therefore, that the court did not err in granting the in limine order and in refusing to permit appellant to introduce in evidence the collateral matter of the injunctions and violations thereof. In any event, we are of the opinion that if there was error in such connection, it was not such as was calculated to cause and probably did cause the rendition of an improper verdict and judgment. Rule 434, Texas Rules of Civil Procedure. Evans v. Taylor, Tex.Civ.App. 1939, 128 S.W.2d 77; Bridges v. City of Richardson, 1962, 163 Tex. 292, 354 S.W.2d 366; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Appellant contends that the court erred in striking paragraph 12 from his cross-action. What has been said hereinabove is applicable to the allegations in said paragraph setting out the breaking up of the marriage of appellant and appellee and appellee's contemptuous ignoring of the law and the courts. The allegation that appellee has no real love for her children or anyone but only desires to please her own whim, is a conclusion on the part of appellant. There is no evidence that the children in question would be taught immorality. The allegation to such effect is also a mere conclusion. While there may be one or more allegations in said paragraph that should not have been stricken by the court, it cannot be said that any error in such connection was calculated to cause and probably did cause the rendition of an improper verdict and judgment, in light of other similar allegations in appellant's cross-action which were not stricken, alleging cruel and immoral conduct on the part of appellee, the excessive use of alcohol, love for Ashby and illicit relations with him, the breaking up of two homes, the making of love in the presence of the children, thereby upsetting them, neglect of the children, leaving them with babysitters while appellee ran around with Ashby, cursing and the use of vile language. Appellant was not restrained from testifying fully as to all such matters. The court excluded only evidence with respect to the injunctions and violations thereof and the contempt proceedings.

We have carefully considered appellant's other Points and find nothing therein which would require reversal of the case. It is true that when appellee's counsel was examining appellant, he asked appellant if he considered it wrong for appellee to converse with Ashby and also whether appellant thought it was right to have appellee followed by detectives to see if she was with another man. Appellant contends that but for the refusal of the court to vacate the in limine order, he could have answered that he did think it immoral for appellee to communicate with Ashby in view of the injunctions, and right to have his wife followed pending the divorce in order to determine whether the injunctions were being violated. The record shows that appellant made no objections to the introduction by appellee of evidence relative to appellant's having had appellee followed. Moreover, the interrogation with respect to such matter occurred prior to the time appellee's motion was made to set aside the in limine order. After such motion was overruled, appellant objected to appellee's question with respect to how much appellant paid private investigators. The court sustained such objection. We are of the opinion that the record does not show reversible error.

Judgment affirmed.