Sue BICHSEL, Appellant,

v.

AMERICAN FINANCE SYSTEM OF McLENNAN, INC., Appellee.

No. 5477.

Court of Civil Appeals of Texas, Waco.

Aug. 21, 1975.

Jay U. Kirkman, Amarillo, for appellant.

Sanders, Saunders, Brian, Finney & Thomas, Amarillo, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Bichsel from judgment in favor of plaintiff American Finance for $506.80 (plus $200. attorney's fees) in a suit on a note.

Plaintiff sued defendant for $506.80 balance due on a $700. note, plus attorney's fees. Plaintiff alleged defendant signed the note; that it was legal owner and holder of the note; that defendant owed $506.80 thereon after all credits and offsets were allowed.

Defendant answered denying execution and delivering of the note; and further that she was "induced by the fraudulent acts * * * of Jeary Cline to execute a blank note * * * that she relied on the truth of the material false representations * * *." Defendant prayed plaintiff take nothing.

On the day of trial plaintiff filed motion in limine requesting the court to instruct counsel for defendant to refrain from mentioning or referring to any transactions or relationships which existed between defendant and Jeary Cline; that same were totally irrelevant and immaterial to the case, but could be prejudicial to plaintiff. The trial court sustained such motion.

Trial was before the court without a jury which rendered judgment for plaintiff for $506.80. plus $200. attorney's fees.

Defendant appeals on six points contending:

1) The trial court erred in granting plaintiff's motion in limine because such action deprived defendant of material evidence of defendant's defenses of fraud by Jeary Cline to have defendant execute and de-

liver the note upon which plaintiff's case is founded.

2) The trial court erred in admitting in evidence carbon copy of the original note and Xerox copy of the original note without allegations in plaintiff's petition alleging loss or destruction of the original note.

3) The trial court erred in admitting in evidence proof of excuse for non production of the original note in absence of allegation of loss or destruction of the original note.

4) The trial court erred in admitting in evidence the endorsement side of a check without proper authentication of defendant's signature.

■ Contention 1 complains of the trial court's granting motion in limine precluding defendant from referring to any transaction or relationship of defendant to Jeary Cline.

Defendant alleged in her answers that Jeary Cline's fraud induced her to sign the note. There was no pleading to the effect that plaintiff was in any way a party to the alleged fraud, or that plaintiff had any knowledge of Cline or of his activities in connection with this transaction; and defendant alleged she knew she was signing a note, when she signed the note sued upon in this case. Thus any transaction or relationship between Cline and defendant are irrelevant to plaintiff's suit on the note. Had the trial court not sustained the motion in limine defendant could have asked questions which of themselves could have prejudiced plaintiff. This is the purpose of a motion in limine. *Bridges v. City of Richardson*, 163 Tex. 292, 354 S.W.2d 366.

This case is a suit on a note signed by defendant and payable to plaintiff. There are no pleadings connecting Jeary Cline to plaintiff, and whether defendant was defrauded by Cline is not an issue in this case.

The trial court properly sustained the motion in limine.

Contentions 2 and 3 complain of the trial court's admission into evidence of a carbon copy and a Xerox copy of the note; and of evidence of excuse for non production of the original note; in the absence of pleading of loss or destruction of the original note.

The original note was not produced and there is evidence that it was lost. The trial court admitted both a carbon copy and a Xerox copy of the original note, and admitted evidence that the original had been lost, although plaintiff had not pleaded loss of the original note.

Article 3731c VATS authorizes use in judicial proceedings of copies or reproductions of written instruments where the party using same either produces the original or reasonably accounts for its absence, or where there is no bona fide dispute as to its being an accurate reproduction of the original.

■ Here there was evidence the original had been delivered to plaintiff's attorney and was lost. The trial court admitted copies of the original. Defendant did not challenge the accuracy of the reproduction or the copy. The copy and reproduction were properly admitted into evidence. The absence of pleading of loss by plaintiff constitutes harmless error. Rule 434 TRCP.

Contention 4 asserts the trial court erred in admitting into evidence the endorsement side of a check without proper authentication of defendant's endorsement thereon.

■ Plaintiff offered in evidence its check made out to defendant. There was evidence that the check was for the money borrowed by defendant and which was consideration for defendant's execution of the note sued on. The trial court further admitted into evidence the reverse side of the check reflecting endorsement with defendant's name. The evidence was that plaintiff's employee signed the check and gave it to defendant. No error was committed in admitting the reverse side of the check in evidence.

All defendant's points are overruled. Affirmed.