**Andres C. LEAL, Appellant,**

v.

**EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, Appellee.**

No. A2410.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 16, 1980.

Rehearing Denied Sept. 10, 1980.

John H. Holloway, Houston, for appellant.

Michael Phillips, Nancy Myers, Boswell, O'Toole, Davis & Pickering, Houston, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is a workers' compensation case.

Appellant, Andres C. Leal brought this suit against Appellee, Employers Mutual Liability Insurance Company of Wisconsin to appeal the award of the Industrial Accident Board. Appellant claimed that he suffered a compensable injury under Tex.Rev. Civ.Stat.Ann. art. 8306, § 20 (Vernon Supp. 1980). The jury found that appellant did not have an occupational disease, but found that appellee failed to pay $975.93 in reasonable medical expenses incurred by appellant as a result of his disease. The court set aside the award of the Board and awarded appellant $975.60 for medical expenses. The court further ordered that appellant take nothing against the insurance carrier for workers' compensation benefits. Appellant appeals from the judgment.

Appellant Leal was employed by the St. Regis Paper Company as a maintenance man for about twenty years. When the company began manufacturing plastic bags, appellant started complaining of bronchial and lung problems due to the breathing of industrial fumes, smokes and pollutants. Leal testified that before St. Regis manufactured plastic bags, he did not have any lung or respiratory problems. Appellant's last exposure to these fumes and irritants was June 9, 1976, when he voluntarily resigned from St. Regis. Appellant testified that he was unable to return to the same type of employment at St. Regis and was unable to hold any employment for about three years.

Appellant urges that the trial court erred in admitting into evidence a letter from the McGovern Allergy Clinic. The letter stated, in part, "[i]n our opinion sensitivity to households dust, mold spores and selected pollens was the basic cause of his symptoms and industrial fumes, smokes and pollutants may play an aggravating role in the allergy." Appellant claims that this letter was hearsay testimony on a material issue and should have been excluded. We agree. The letter contained statements made out of court offered for the purpose of proving the truth of such statements. *Hartford Accident & Indemnity Co. v. McCardell*, 369 S.W.2d 331 (Tex.Sup.1963). The evidence was hotly contested and the verdict could have gone either way. The admission of this letter was harmful error. Tex.R.Civ.P. 434.

Appellant also complains of the trial court's charge that was submitted to the jury. Appellant contends that the court erred in submitting Special Issue No. one in terms of "occupational disease" instead of "injury." Special Issue No. one states:

Do you find from a preponderance of the evidence that plaintiff has or had an occupational disease?

"Occupational disease" means any disease that causes damage or harm to the physical structure of the body and such other diseases or infections as naturally result therefrom but does not mean

ordinary diseases of life to which the general public is exposed except where such diseases follow as an incident to the "occupational disease."

The statute in question, Article 8306, § 20, provides:

Sec. 20. Wherever the terms "Injury" or "Personal Injury" are used in the Workmen's Compensation Laws of this State, such terms shall be construed to mean damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom. The terms "Injury" and "Personal Injury" shall also be construed to mean and include "Occupational Diseases," as hereinafter defined. Whenever the term "Occupational Disease" is used in the Workmen's Compensation Laws of this State, such term shall be construed to mean any disease arising out of and in the course of employment which causes damage or harm to the physical structure of the body and such other diseases or infections as naturally result therefrom. An "Occupational Disease" shall also include damage or harm to the physical structure of the body occurring as the result of repetitious physical traumatic activities extending over a period of time and arising in the course of employment; provided, that the date of the cumulative injury shall be the date disability was caused thereby. Ordinary diseases of life to which the general public is exposed outside of the employment shall not be compensable, except where such diseases follow as an incident to an "Occupational Disease" or "Injury" as defined in this section.

 It appears that the legislature intended that those cases formerly known as "occupational disease" cases may be submitted in terms of "injury" since "injury" is construed to mean and include an "occupational disease." The charge as submitted in the instant case, based solely on an issue of occupational disease, deprived appellant of a finding that he received multiple injuries over a period of years or that the cumula-tive effect of the exposures caused his condition. A proper charge should include an instruction that "injury" or "occupational disease" means damage or harm to the physical structure of the body occurring as a result of repetitious physical traumatic activities extending over a period of time and such diseases or infections as naturally result therefrom, or the incitement, acceleration, or aggravation of any disease, infirmity, or condition, previously or subsequently existing, by reason of such damage or harm. *See Standard Fire Insurance Co. v. Radcliff*, 537 S.W.2d 355 (Tex.Civ.App.–Waco 1976, no writ). The court erred in refusing appellant's tendered instruction which included the above stated statutory elements.

The judgment of the trial court is reversed and the case is remanded to the trial court for a new trial.

Reversed and remanded.