**Rubilee JONES, Appellant,**

v.

**TTJ, INC., et al, Appellees.**

No. 6289.

Court of Appeals of Texas, Waco.

Jan. 7, 1982.

Rehearing Denied Feb. 11, 1982.

James Arnold, Jr., Law Offices of James Arnold, Jr., Austin, for appellant.

Scott R. Kidd, Brown, Maroney, Rose, Baker & Barber, Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from $1,174.71 judgment in her favor in a slip and fall personal injury case.

On May 27, 1977 plaintiff walked out of the front door of the Side Saddle Club onto the wooden porch, stepped on an end board which broke, causing her to fall breaking her right wrist. Her arm was in a cast for 2½ months; due to improper healing she underwent surgery on her wrist and was in a cast for some 10 weeks.

The building belonged to defendants, but was leased to GMC Investment, Inc. d/b/a "The Side Saddle" which operated a bar and dance hall business.

Plaintiff sued GMC Investment, Inc., and the present defendants TTJ, Inc., et al for her damages, but prior to trial entered a non "Mary Carter" settlement with GMC and dismissed GMC from the suit. The case was restyled and plaintiff went to trial against the present defendants owners of the building.

Trial was to a jury which found:

1) Defendants failed to place parking bumpers near the northwest corner of the front porch of the Side Saddle.

2) Such failure was negligence.

3) Such failure was a proximate cause of the occurrence in question.

10) Fixed plaintiff's damages:

| | |
|---|---|
| Past Physical Pain | $1750.00 |
| Future Physical Pain | 1000.00 |
| Physical Impairment | 500.00 |
| Disfigurement | 600.00 |
| Past Loss of Earnings | 3259.00 |
| Future Loss of Earnings | 0.00 |
| Medical Expense | 6065.71 |
| Total | $13,174.71 |

The trial court recited the verdict; found from evidence submitted to the court only that plaintiff "had settled her cause of action against GMC Investment, Inc., an alleged joint tort feasor in this cause, for a total consideration of $12,000 and that Defendants TTJ [et al] are entitled to deduct this amount from the foregoing total damages, * * *" and rendered judgment for plaintiff for $1,174.71.

Plaintiff appeals.

Point 1 asserts the trial court erred in admitting evidence of plaintiff's settlement with a joint tort feasor.

During trial plaintiff was asked on cross examination:

"Q. Now at a prior time, you filed suit against GMC Investment, the owner of the Side Saddle Club, for this very injury, did you not?

A. Yes.

Q. And at some point in time that lawsuit was settled, was it not?

Mr. Arnold: Your honor I'll object to that. I don't think matters of settlement are properly admissible in trial.

The Court: I overrule the objection.

Q. But that question that I asked, at some point in time, that lawsuit that you have filed against GMC Investment, the Side Saddle, for the very injury was settled, was it not?

A. I'm not sure of what you are talking about.

Q. Are you saying that you don't know whether you settled that lawsuit or not?

A. Well if you are talking about an insurance, yes.

(At this point the jury was taken from the courtroom; the witness was instructed that she should not discuss insurance; and the jury was returned).

Q. Mrs. Jones I'll show you what's been marked as Defendant's Exhibit 1 and represent to you that this is a copy, but I would like you to take a look at that and see if you've ever seen the original of it.

A. Yes I've seen it.

Q. Okay, and while that is an unsigned copy, did you sign the original of it?

A. Yes.

Q. Okay, your honor I would offer Defendant's Exhibit No. 1.

Mr. Arnold: And your honor I will object on the ground that that goes to the particulars on the matters of compromise and settlement. I don't think any issues relating to compromise and settlement are admissible, and particularly not the particulars.

\* \* \* \* \* \*

The Court: the objection is sustained".

Thereafter the court received the Exhibit for the court only.

We doubt the foregoing constitutes evidence before the jury that plaintiff settled her suit against GMC Investment. But assuming without deciding that there was evidence of a settlement with a codefendant, it should have been excluded from the jury. *General Motors Corp. v. Simmons*, Tex. 558 S.W.2d 855.

If evidence is erroneously admitted, error exists; but if its admission was not reasonably calculated to cause and probably did not cause an improper judgment it is not reversible error. *Bridges v. City of Richardson*, 163 Tex. 292, 354 S.W.2d 366; Rule 434 TRCP.

Under the record as a whole we think the evidence (if error) was harmless.

There was no evidence of the amount of the settlement. The settlement agreement was admitted for the court only. The jury was asked to assess plaintiff's damages resulting from the occurrence. Plaintiff's primary complaint is that she should have been awarded greater damages. From the record as a whole the damages awarded are not so against the great weight and preponderance of the evidence as to be clearly wrong or manifestly unjust. *In re King's Estate*, 150 Tex. 622, 244 S.W.2d 660.

Point 2 asserts the trial court erred in overruling plaintiff's objection to improper jury argument on settlement with a joint tort feasor and receipt of money in connection therewith.

Plaintiff filed bill of exception bolstered by affidavits of 5 jurors that defendant's counsel in oral argument "stated to the jury that plaintiff had previously sued GMC Investment, Inc., that plaintiff had settled her action against said former defendant, and that in connection with said settlement plaintiff had received a sum of money from the defendant", and that plaintiff objected to the argument which the court overruled.

The trial court refused such bill of exception for the reason "The statement alleged to be made was not in exact context of what was said, and further the court at the time of the objection instructed the jury that they would not consider the remarks for any purpose or in anyway."

Plaintiff has not brought forward the argument of counsel and relies on her bill of exception and supporting affidavits.

Before a judgment will be reversed because of argument of counsel, the record must show 1) the argument was improper, and 2) was such as to satisfy the reviewing court that it was "reasonably calculated to cause and probably did cause the rendition of an improper judgment." The rule of presumed prejudice may no longer be applied to improper argument. *Aultman v. Dallas Railway & Terminal Co.*, 152 Tex. 509, 260 S.W.2d 596; *Dillingham v. Lynch*, Tex.Civ.App. (Austin) NRE, 516 S.W.2d 694.

From the record before us, and absent the exact argument of both counsel in full we cannot say that same resulted in the rendition of an improper judgment.

All plaintiff's points have been considered and are overruled.

AFFIRMED.