**COMMERCIAL STANDARD FIRE AND MARINE COMPANY, Appellant,**

v.

**Odis Albert MURPHY, Appellee.**

**No. 1283.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 19, 1976.

Rehearing Denied June 9, 1976.

**498**

Roger A. Rider, Robert C. Floyd, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

James W. Patterson, John G. Patterson, Patterson & Patterson, Houston, for appellee.

COULSON, Justice.

This is a workmen's compensation suit. The jury returned a verdict favorable to the appellee-workman, Odis Albert Murphy, and judgment was entered thereon. Commercial Fire and Marine Company appeals complaining of the trial court's action in excluding certain evidence of prior inconsistent statements made by Murphy. We affirm.

Murphy was employed by Capital Steel and Iron Company from September 13, 1961 until October 31, 1972. During his employment at Capital, Murphy suffered two injuries to his back. One of the back injuries was sustained by Murphy on April 8, 1968, when Pacific Employer's Indemnity Company was Capital's insurance carrier. This suit was brought by Murphy for an injury received on April 30, 1970, when Commercial was Capital's insurance carrier. On May 3, 1973, in two separate proceedings, Murphy filed virtually identical petitions against Commercial and Pacific. The only difference in the petitions filed by Murphy are the dates of the injuries for which compensation is claimed.

Commercial pleaded that Murphy's incapacity was caused solely by a preexisting compensable injury or congenital defect in his back, and alternatively that a prior compensable injury contributed to any incapacity suffered by Murphy. Prior to trial, Murphy filed a motion in limine requesting the court to order Commercial to refrain from making any mention that Murphy had prior or subsequent claims, suits, or settlements, including any claims of total and permanent disability, for the reason that they would be immaterial and irrelevant to any issue in this suit. The motion was granted.

Commercial's first eight points of error complain of the trial court's action in excluding evidence pertaining to claims made by Murphy in his suit against Pacific. Out of the jury's presence Commercial offered Murphy's original petition against Pacific for the purpose of impeaching Murphy with a prior inconsistent statement and for the purpose of offering an admission by Murphy. Commercial also offered evidence out of the jury's presence of Murphy's testimony as an admission by way of Pacific's interrogatories to Murphy and his answers thereto. Additionally, specific deposition testimony of Murphy in the Pacific suit was offered out of the jury's presence · to

impeach Murphy with a prior inconsistent statement and as an admission. The trial court excluded all such evidence. Commercial claims that all of the evidence was admissible and that the trial court's exclusion of such evidence resulted in reversible error. We disagree.

More specifically, the direct testimony of Murphy which Commercial sought to contradict by admissions and prior inconsistent statements was:

a) that Murphy recovered from the 1968 injury;

b) that Murphy left Capital because he was not able to do the work on account of the 1970 injury.

On cross-examination before any tender of prior inconsistent statements, Murphy stated that he was not totally and permanently disabled from the 1968 injury. On final cross-examination Murphy denied that there was no distinction in his mind between the 1968 and the 1970 injuries. To impeach this testimony out of the jury's presence Commercial tendered prior inconsistent statements by Murphy that:

a) he had not recovered from his 1968 injury;

b) he was totally and permanently disabled as a result of his 1968 injury;

c) he quit Capital on account of his 1968 injury;

d) the disability he claims in this suit actually arose from the 1968 injury.

Murphy has replied that during the course of the trial he admitted the particulars which Commercial sought to impeach by introduction of prior inconsistent statements. This is true. Murphy stipulated in open court that he had a prior compensable injury. Murphy admitted that he had a permanent disability as a result of the 1968 injury. Murphy admitted that he claimed under oath that he was disabled for the remainder of his life as the result of the 1968 injury. Murphy agreed that he contended under oath that he left Capital because of his 1968 injury.

For Commercial to have been entitled to introduce Murphy's prior inconsistent statements, they must have shown that an inconsistency existed between the witness's testimony at trial and the prior statement. As stated in *Hartford Accident and Indemnity Co. v. McArdell,* 369 S.W.2d 331, 338 (Tex.Sup.1963):

> Concerning the 1957 injury, plaintiff testified that he hurt his left arm and left shoulder while lifting a plate of sheet iron with three other men. Petitioner introduced notice of injury and claim for compensation filed with the Industrial Accident Board describing the injury almost exactly as respondent had testified. *There is no inconsistency in the testimony and the statement* made in the notice of injury. Therefore it was not admissible as an exception to the hearsay rule, and it was error for the trial court to admit it.

. . .

(emphasis supplied). Here, Murphy initially took inconsistent positions at this trial as compared with prior statements made by him in pleadings, depositions and interrogatories in his suit against Pacific for the 1968 injury. However, after tender of these inconsistent statements was made out of the presence of the jury, Murphy admitted these prior inconsistent statements. When the jury was recalled, Murphy freely admitted that he had made such prior inconsistent statements. Where the witness denies making the prior contradictory statement, the adverse party may prove that such statement was made, but where the witness admits making the prior contradictory statement this precludes further proof of the prior inconsistent statements by the adverse party. *See* 1 C. McCormick & R. Ray, Texas Evidence § 695 (2d ed. 1956).

We are aware of the rule that conflicting testimony of the same witness on the same issue creates a fact issue for the fact finder to decide. *Washington v. Aetna Casualty and Surety Company,* 521 S.W.2d 313 (Tex.Civ.App.-Fort Worth 1975, no writ). However, once the witness admits his prior inconsistent statement and does not later refute that statement, there

is no testimony to contradict or impeach by introduction of prior inconsistent statements. While the trial judge initially erred in not admitting evidence of the prior inconsistent statements of Murphy tendered immediately after Murphy's testimony denying such statements, such error is not reversible error because Murphy later admitted that he made prior inconsistent statements. See Tex.R.Civ.P. 434.

■ Commercial's points of error nine through thirteen complain of the jury's finding in response to special issue number 7(b). The jury found that Murphy's previous injury contributed "one-half of 1%" to his present incapacity. Commercial claims that there is no evidence to support this finding and that there is insufficient evidence to support this finding. Commercial also claims that the evidence conclusively shows that the prior compensable injury of 1968 contributed 100% to any incapacity suffered by Murphy. After a review of the record and the testimony contained therein, we conclude that there is some evidence to support the jury's finding that the prior compensable injury of 1968 contributed to Murphy's present injury. Commercial's points nine through thirteen are overruled.

Commercial's points of error fourteen through twenty-five complain of findings of incapacity, both total temporary and permanent partial. These points of error raise no evidence as well as insufficient evidence points. Commercial claims that since Murphy offered no explanation for his previous testimony he is bound by it. This is not the law. As stated by the Supreme Court in *Griffin v. Superior Insurance Company*, 161 Tex. 195, 338 S.W.2d 415, 419 (1960), there are five rules that must apply before a party's testimony is conclusive against him. They are (1) that the declaration relied upon was made during the course of a judicial proceeding; (2) that the statement is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving the testimony; (3) that the statement was deliberate, clear and unequivocal; (4) that giving of conclusive effect to the declaration will be consistent

with public policy; (5) that the testimony must be such as relates to a fact upon which a judgment for the opposing party may be based. Here, Murphy's prior statements were not unequivocal, but were mere claims and contentions. Murphy is not bound in this suit by his prior statement in the Pacific suit that the 1968 injury was a cause of his disability.

There is ample testimony by Murphy and others to support the jury's findings of total temporary and permanent partial incapacity. Commercial's points of error fourteen through twenty-five are overruled.

Commercial's final two points of error complain of the jury's finding of average daily wage and point to a jury conflict in the verdict between special issue numbers 6(b) and 6(e). Commercial first claims that there is no evidence from which the jury could have arrived at the figure of $34.06 as Murphy's average daily wage. A review of the record indicates that there is testimony that Murphy worked 254 days in the year immediately preceding his injury of April 30, 1970, and that his salary for that year was $8,651.26. It is self-evident that by dividing 254 into $8,651.26, the jury arrived at the average daily wage of $34.06.

■ Finally, Commercial's claim of an inconsistency in special issue numbers 6(b) and 6(e) is without merit. Special issue number 6(e) was predicated upon a "no" answer to special issue number 6(c) where inquiry was made as to what would be fair and just to both plaintiff and defendant as to average weekly wage, if plaintiff or no other employee had worked in such employment for at least 210 days. Special Issue No. 6(c) was predicated on a finding that Murphy had not worked for 210 days in the year immediately preceding his injury of April 30, 1970. The jury found that Murphy had worked 210 days of the year immediately preceding his injury and that his average daily wage was $34.06. The answer to special issue number 6(e) is surplusage which may be disregarded. Appellant's final points of error are overruled.

Affirmed.